HANSON BRIDGETT LLP
RAYMOND F. LYNCH, SBN 119065
rlynch@hansonbridgett.com
GILBERT J. TSAI, SBN 247305
gtsai@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:    (415) 541-9366

GRIFFITH JACOBSON, LLC
JAMES E. MAHONEY (requesting admission *pro hac vice*)
jem@gjlaw.com
55 West Monroe Street
Suite 3550
Chicago, IL 60603
Telephone: (312) 236-8110
Facsimile:   (312) 236-6724

Attorneys for Defendants COVENANT AVIATION SECURITY, LLC; COVENANT AVIATION SECURITY CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAYLIN PARKER-REBISZ,<br><br>  Plaintiff,<br><br>  v.<br><br>COVENANT AVIATION SECURITY, LLC; COVENANT AVIATION SECURITY CORPORATION; and DOES 1-20, inclusive,<br><br>  Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL BY DEFENDANTS COVENANT AVIATION SECURITY, LLC AND COVENANT AVIATION SECURITY CORPORATION**<br><br>**28 U.S.C. §§ 1332, 1441(b)**<br><br>**Removal Based on Diversity of Citizenship**<br><br>(San Mateo Superior Court Case No. CIV 529928) |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF FAYLIN PARKER-REBISZ ("Plaintiff"):

PLEASE TAKE NOTICE THAT Defendants COVENANT AVIATION SECURITY, LLC and COVENANT AVIATION SECURITY CORPORATION (hereinafter referred to as "Defendants") file this Notice of Removal of the above-captioned action under 28 U.S.C.

§§ 1441 and 1446.  This Court has original jurisdiction over this action under 28 U.S.C. § 1332, and may remove this action from the Superior Court of California, County of San Mateo, where it was initiated.  This Court's original jurisdiction derives from the Plaintiff and Defendants' diversity of citizenship and the amount in controversy.

## I. PROCEDURAL BACKGROUND

1. <u>State Court Action and Documents</u>:  On August 7, 2014, Plaintiff FAYLIN PARKER-REBISZ filed a Complaint ("Complaint") against Defendants and DOES 1 through 20, inclusive, in the Superior Court of the State of California, County of San Mateo, entitled *Faylin Parker-Rebisz v. Covenant Aviation Security, LLC*, Case No. CIV529928.  Pursuant to 28 U.S.C. § 1446(a), Defendants attach to this Notice, and incorporates by reference, the following documents, which are all process, pleadings, and orders delivered to Defendants and filed in the Superior Court of the State of California in and for the County of San Mateo prior to the Notice of this Removal.  A true and correct copy of the following documents are attached:

   a. Summons and Complaint –Exhibit A;
   b. Civil Cover Sheet—Exhibit B;
   c. ADR Package—Exhibit C;
   d. Notice of Case Management Conference—Exhibit D.

2. <u>Service</u>:  Defendants' registered agent was served with a copy of the Complaint on August 11, 2014.

3. <u>Answer to Complaint</u>:  On September 9, 2014, Defendants timely filed an Answer to the unverified Complaint in the Superior Court, County of San Mateo.  Defendants served a copy of the Answer on Plaintiff on September 9, 2014.  A true and correct copy of that Answer is attached hereto as Exhibit E.

4. <u>Venue</u>: Under 28 U.S.C. § 1441(a), venue of this removed action is proper in this Court as the district and division embracing the place where the state action is pending.

5. <u>Timeliness</u>: This removal petition is timely filed, as 28 U.S.C. § 1446(c)

provides a defendant with thirty (30) days to remove the case after receipt, through service or otherwise, of a pleading, motion, order or other paper from which it may be first ascertained that the case is removable.

6. <u>Filing with State Court and Service on Plaintiff</u>: Defendants will promptly serve Plaintiff with this Notice of Removal and file this Notice with the Clerk of the Superior Court for the State of California, County of San Mateo, as required by 28 U.S.C. § 1446(d).

## II.   NATURE OF THE SUIT

7. <u>Diversity Jurisdiction</u>:  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and this case may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(b) because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. <u>Citizenship of Parties</u>:

    a.  Defendants are informed and believe that Plaintiff is a citizen of the state of California.

    b.  Defendant Covenant Aviation Security Corporation ("CAS Corp.") is a citizen of the states of Illinois and Delaware.  *See* 28 U.S.C. § 1332(c)(1)(A) ("A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business….")  First, CAS Corp. is a citizen of the state of Delaware by virtue of being organized under the laws of that state.  Second, CAS Corp. is also a citizen of the state of Illinois because its corporate headquarters and principal place of business is located in Bolingbrook, Illinois.  See *Hertz Corp. v. Friend*, 2010 U.S. LEXIS 1897, 130 S.Ct. 1181, 1186, 1192 (2010) (holding that "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and

        coordinate the corporation's activities.").

    c. Defendant Covenant Aviation Security, LLC ("CAS LLC"), is also a citizen of the states of Illinois and Delaware.  First, CAS LLC is a citizen of Illinois by virtue of being organized under the laws of that state.  Second, CAS LLC is also a citizen of the state of Illinois because its corporate headquarters and principal place of business is also located in Bolingbrook, Illinois.  Third, CAS LLC is a private LLC and its only member, CAS Corp., is a citizen of the states of Illinois and Delaware as stated above.  *See Johnson v. Columbia Properties, Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "an LLC is a citizen of every state of which its owners/members are citizens").

    d. As such, complete diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332.

9. <u>Amount in Controversy</u>:  The amount in controversy requirement of 28 U.S.C. § 1332 is met in this case.  Defendants bear the burden of establishing that the amount in controversy "more likely than not" exceeds $75,000.  *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).  Here, Plaintiff alleges eighteen causes of action in her Complaint, including without limitation claims for discrimination, retaliation, and failure to accommodate disability under the California Fair Employment and Housing Act (Cal. Gov. Code § 12940 *et seq.*) (the "FEHA"), violation of the California Family Rights Act (Cal. Gov. Code § 12945.2), retaliation under the FEHA, various wage and hour claims under the California Labor Code, tort claims for wrongful termination and negligent training, Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*) and the Private Attorney General Act (Cal. Lab. Code § 2698 *et seq.*).  In additional to equitable relief in the form of various declaratory orders, injunction, and restitution, Plaintiff demands compensatory damages, emotional distress damages, civil penalties, and punitive damages, as well as attorneys' fees, litigation costs, and interest.

1. Any amount-in-controversy calculation would include these categories of damages.  *See Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131-1132 (9th Cir. 2000) (including medical expenses in the amount-in-controversy); *Deutsch v. Turner Corp.*, 317 F.3d 1005, 1030 n. 21 (9th Cir. 2003) (noting that punitive damages are included in the amount-in-controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) ("[A]ttorneys' fees can be taken into account in determining the amount in controversy if a statute authorizes fees to a successful litigant").

10. On April 14, 2014, Plaintiff's counsel sent Defendant CAS LLC a demand letter in which he identified the amount in controversy as being in **excess of $500,000.00**.  *See* Exhibit F (Declaration of James E. Mahoney, ¶ 2, and attached Exhibit 1); *see also Truestone, Inc. v. Simi West Indus. Park* (1984) 163 Cal. App. 3d 715, 725-726 (settlement offers may be admissible if relevant to prove something other than the offeror's liability).  Thus, the amount-in-controversy meets the jurisdictional requirements under 28 U.S.C. § 1332.

**CONSENT TO REMOVAL BY REMAINING DEFENDANTS**

11. Doe Defendants do not need to be joined in this Notice of Removal.  *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

WHEREFORE, Defendants Covenant Aviation Security, LLC and Covenant Aviation Security Corporation pray that this Notice of Removal may be accepted as good and sufficient, and that the Action may be removed from the Superior Court of the State of California for the County of San Mateo, as provided by 28 U.S.C. § 1441, and thereupon to proceed with said civil action as though originally commenced in this Court and for all orders and decrees as may be necessary or appropriate in such cases made and provided.

/ / /

/ / /

/ / /

8331670.1

-5-
NOTICE OF REMOVAL BY DEFENDANTS COVENANT AVIATION SECURITY, LLC AND COVENANT AVIATION SECURITY CORPORATION.

| | |
|---|---|
| DATED: September 10, 2014 | HANSON BRIDGETT LLP |
| | By: /s/ Gilbert J. Tsai |
| | RAYMOND F. LYNCH |
| | GILBERT J. TSAI |
| | Attorneys for Defendants COVENANT AVIATION SECURITY, LLC; COVENANT AVIATION SECURITY CORPORATION |

<u>L.R. 5-1(i)(3) ECF Attestation</u>

I, Gilbert J. Tsai, am the ECF user whose ID and password are being used to file the Notice of Removal and Declaration of James Mahoney In Support of Notice of Removal. In compliance with L.R. 5-1(i)(3), I hereby attest that I have on file all holographic signatures indicated by a conformed (/s/) within these efiled documents.

/s/ Gilbert J. Tsai
GILBERT J. TSAI

8331670.1

-6-
NOTICE OF REMOVAL BY DEFENDANTS COVENANT AVIATION SECURITY, LLC AND COVENANT AVIATION SECURITY CORPORATION.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is 425 Market Street, 26th Floor, San Francisco, CA 94105.

On September 10, 2014, I served true copies of the following document(s) described as **NOTICE OF REMOVAL BY DEFENDANT COVENANT AVIATION SECURITY, LLC AND COVENANT AVIATION SECURITY CORPORATION** on the interested parties in this action as follows:

Cary Kletter, Esq.                                *Attorneys for Plaintiff*
Sally Trung Nguyen, Esq.
Kletter Law Firm
1900 S. Norfolk Street, Suite 350
San Mateo, CA  94403

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 9, 2014, at San Francisco, California.

*/s/ Terri McGrath*
Terri A. McGrath