# EXHIBIT A

**COPY**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

(ENDORSED)
**FILED**
SAN MATEO COUNTY

AUG 0 7 2014

Clerk of the Superior Court
By TYLER MAXWELL
DEPUTY CLERK

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COVENANT AVIATION SECURITY, LLC; COVENANT
AVIATION SECURITY CORPORATION; and DOES 1-20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FAYLIN PARKER-REBISZ,

**BY FAX**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | CASE NUMBER:<br>*(Número del Caso)* |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of San Mateo<br>400 County Center, Redwood City, CA 94603 | CIV 5 2 9 9 2 8 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Cary Kletter, Kletter Law Firm LLP, 1900 S. Norfolk Street, Suite 350, San Mateo, CA 94403

| DATE:<br>*(Fecha)* AUG 0 7 2014 | JOHN C. FITTON | Clerk, by<br>*(Secretario)* TYLER MAXWELL | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Covenant Aviation Security, LLC

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

COPY

1  Cary Kletter (SBN 210230)
2  Sally Trung Nguyen (SBN 267275)
   KLETTER LAW FIRM LLP
3  1900 S. Norfolk Street, Suite 350
   San Mateo, CA 94403
4  P: 415.434.3400

5  Attorneys for Plaintiff,
6  FAYLIN PARKER-REBISZ

(ENDORSED)
**FILED**
SAN MATEO COUNTY

AUG 07    4

Clerk of the Superior Court
By   TYLER MAXWELL
       DEPUTY CLERK

**BY FAX**

7            SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              IN AND FOR THE COUNTY OF SAN MATEO

9

10  FAYLIN PARKER-REBISZ,                Civ. Case No. **CIV 5 2 9 9 2 8**

11                      Plaintiff,        COMPLAINT AND DEMAND FOR
                                          JURY
12            v.

13  COVENANT AVIATION SECURITY,          1.  Disability Discrimination;
    LLC; COVENANT AVIATION              2.  Failure to Accommodate;
14  SECURITY CORPORATION; and DOES      3.  Failure to Engage in the Interactive
15  1-20, inclusive,                         Process;
                                         4.  Violation of CFRA - Interference;
16                      Defendants.       5.  Violation of CFRA – Retaliation;
                                         6.  Retaliation – FEHA;
17                                        7.  Wrongful Termination;
                                         8.  Failure to Pay Overtime Wages;
18                                        9.  Unpaid ("Straight") Wages;
                                         10. Liquidated Damages;
19                                        11. Failure to Provide Meal and Rest
20                                            Periods;
                                         12. Waiting Time Penalties;
21                                        13. Labor Code §§ 204 and 210 Violations;
                                         14. Failure to Provide Accurate Wage
22                                            Statement Labor Code § 226(e);
23                                        15. Civil Penalties - Labor Code §558;
                                         16. Negligent Training;
24                                        17. Unfair Business Practices; and
                                         18. PAGA.
25

26

27

28  Plaintiff FAYLIN PARKER-REBISZ allege as follows:

1
2

## I.   INTRODUCTION

3    1.   This is an action brought by Plaintiff FAYLIN PARKER-REBISZ ("PLAINTIFF")
4   against the Defendants COVENANT AVIATION SECURITY, LLC. ("CAS, LLC");
5   COVENANT AVIATION SECURITY CORPORATION ("CAS CORP."); and DOES 1
6   through 20, inclusive (collectively "DEFENDANTS"), in connection with claims arising out of
   PLAINTIFF's employment with DEFENDANTS.

7    2.   This is an action for damages due to (1) Disability Discrimination; (2) Failure to
8   Accommodate; (3) Failure to Engage in the Interactive Process; (4) California Family Rights Act
9   ("CFRA")/ Family Medical Leave Act ("FMLA") Interference; (5) CFRA/FMLA Retaliation;
10  (6) Retaliation in Violation of the California Fair Employment and Housing Act ("FEHA"); (7)
11  Wrongful Termination in Violation of Public Policy; (8) Failure to Pay Overtime Wages; (9)
12  Unpaid "Straight" Wages; (10) Liquidated Damages; (11) Failure to Provide Meal and Rest
13  Periods; (12) Waiting Time Penalties; (13) Violation of California Labor Code §§ 204 and 210;
14  (14) Failure to Provide Accurate Wage Statements in Violation of § 226(e); (15) Civil Penalties
15  Under Labor Code § 558; (16) Negligent Training; (17) Unfair Business Practices - B&P Code
16  §§ 17200 and 17203, *et seq.*; and (18) Labor Code Private Attorneys General Act of 2004 -
   Labor Code § 2698, *et seq.*

17
18

## PARTIES

19    3.   PLAINTIFF is an individual who at all relevant times was and is a resident of the
20  State of California, County of Solano.
21    4.   CAS, LLC is, upon information and belief, a corporation doing business in
   California, including in San Mateo County.
22    5.   CAS CORP. is, upon information and belief, a corporation doing business in
23  California, including San Mateo County.
24    6.   PLAINTIFF is ignorant of the true names and capacities of the defendants sued
25  herein as DOES 1 through 20 therefore sues them by such fictitious names. PLAINTIFF is
26  informed and believes and thereon alleges that said defendants are in some manner legally
27  responsible for the activities and damages alleged herein. PLAINTIFF will amend this
28  Complaint to allege their true names and capacities when ascertained.

7.     PLAINTIFF is informed and believes and thereon alleges that at all times herein mentioned each of the defendants was acting as the partner, agent, servant, and employee of each of the remaining defendants, and in doing the things alleged herein was acting within the course and scope of such agency and with the knowledge of the remaining DEFENDANTS.

## JURISDICTION AND VENUE

8.     Jurisdiction and venue are proper because PLAINTIFF's claims and causes of actions arose in the County of San Mateo.

9.     In response to DEFENDANTS' unlawful conduct, PLAINTIFF filed a timely Complaint against CAS, LLC and CAS CORP. with the California Department of Fair Employment and Housing ("DFEH").

10.    The DFEH issued a Right-To-Sue Notice under California Government Code Section 12965(b), permitting PLAINTIFF to file a civil action under the provisions of FEHA against DEFENDANTS.

11.    PLAINTIFF has given notice to the California Labor and Workforce Development Agency ("LWDA") pursuant to Labor Code §§ 210 and 211, and the California Private Attorneys General Act, § 2698, *et seq.* ("PAGA") about DEFENDANTS' violation of Labor Code §§201, 202, 203, 204, 210, 218.5, 226(e), 226.7, 512, 558, 1194 and 2698(f)(2). Therefore, the Court has jurisdiction over PLAINTIFFS' claims for penalties pursuant to Labor Code §§201, 202, 203, 204, 210, 218.5, 226(e), 226.7, 512, 558, 1194 and 2698(f)(2).

## FACTUAL ALLEGATIONS

12.    PLAINTIFF was hired by DEFENDANTS as a security screener.

13.    PLAINTIFF worked for DEFENDANTS for approximately four years.

14.    PLAINTIFF was an extremely dedicated, loyal and hardworking employee.

15.    Throughout Plaintiff's employment with DEFENDANTS, PLAINTIFF typically worked 4 days a week, 12 hours per day.

16.    DEFENDANTS did not pay PLAINTIFF statutory overtime wages for hours worked in excess of eight (8) hours in a workday.

17.    DEFENDANTS did not pay PLAINTIFF statutory overtime wages for hours worked in excess of forty (40) hours in a workweek.

18.   PLAINTIFF was typically not provided with a 10 minute uninterrupted rest break when she worked shifts of four (4) or more hours.

19.   PLAINTIFF was typically not provided with a 30-minute uninterrupted meal break when she worked shifts of five (5) or more hours.

20.   PLAINTIFF was not paid all wages she is owed.

21.   Wages statements given to PLAINTIFF were not accurate.

22.   PLAINTIFF began experiencing problems at work shortly after she informed DEFENDANTS of her serious medical conditions (Schizoaffective Disorder and High Anxiety) in or around September 2012.

23.   After PLAINTIFF submitted all the forms DEFENDANTS required of her for a leave of absence under the FMLA and CFRA, PLAINTIFF commenced her approved leave of absence on or around September 27, 2012.

24.   Pursuant to DEFENDANTS' notice dated October 23, 2012, PLAINTIFF's leave expiration date was September 26, 2013.

25.   On March 18, 2013, DEFENDANTS requested an updated certification from PLAINTIFF.

26.   PLAINTIFF submitted to DEFENDANTS the requested certification form completed by her treating doctor on May 6, 2013.

27.   DEFENDANTS thereafter requested PLAINTIFF's doctor submit additional information.

28.   On July 17, 2013, PLAINTIFF's doctor submitted the additional information requested regarding PLAINTIFF's medical condition.

29.   DEFENDANTS claimed dissatisfaction with the information submitted and demanded more information from PLAINTIFF.

30.   PLAINTIFF continued to try to work with DEFENDANTS to provide them with all the information requested.

31.   In or around July 2013, PLAINTIFF's medical condition worsened which necessitated modification of her leave from "intermittent" to "full" and she was temporarily unable to work at all.

32.   PLAINTIFF commenced a medically necessary full disability leave on July 23, 2013.

33.   On August 6, 2013, DEFENDANTS informed PLAINTIFF that she needed to complete more paperwork regarding her disability.

34.   PLAINTIFF immediately requested from DEFENDANTS a copy of the forms they wanted completed so she could have it completed and returned.

35.   On several occasions, PLAINTIFF informed human resources that she had not received the forms DEFENDANTS requested.

36.   PLAINTIFF has still not received a copy of the forms DEFENDANTS wanted her to complete and return.

37.   On September 12, 2013, DEFENDANTS sent PLAINTIFF a letter informing her that it planned to terminate PLAINTIFF's employment if she did not return a completed American with Disabilities Act ("ADA") certification from by 5:00 p.m. on September 16, 2013.

38.   PLAINTIFF had not received forms from DEFENDANTS despite her repeated efforts to obtain a copy, and so she researched for a certification form online in hopes of satisfying DEFENDANTS' request.

39.   PLAINTIFF and PLAINTIFF's sister spent much time and effort to locate the certification form DEFENDANTS wanted.

40.   PLAINTIFF found a seven (7) page ADA form.

41.   PLAINTIFF completed the seven (7) page ADA form and submitted it to DEFENDANTS via facsimile and email before the arbitrary deadline set by DEFENDANTS.

42.   After receipt of the seven (7) page ADA form, DEFENDANTS once again claimed they were not satisfied with the information submitted by PLAINTIFF.

43.   DEFENDANTS terminated PLAINTIFF's employment on or around September 18, 2013 while PLAINTIFF was on disability leave and awaiting her first disability benefits check.

44.   DEFENDANTS claimed that they had not received the correct documentation from PLAINTIFF's doctor, despite repeated communications from her doctors and getting voluminous information regarding her medical condition, restrictions and limitations.

45.   PLAINTIFF's doctor revised and provided supplemental information about three to four times in an effort to resolve any pending issues with DEFENDANTS regarding PLAINTIFF's disability.

46.   PLAINTIFF made several good-faith attempts to work with DEFENDANTS to find

1  a reasonable accommodation, but DEFENDANTS failed in their duty to engage in the

2  interactive process.

3       47.   Plaintiff suffered emotional distress as a result of DEFENDANTS' conduct.

### FIRST CAUSE OF ACTION
4                          Disability Discrimination
                           Cal. Gov. Code § 12940 *et seq.*
5                          (Against All DEFENDANTS)

6

7       48.   PLAINTIFF incorporates by reference all of the previous allegations.

8       49.   DEFENDANTS, through their agents and employees, engaged in a pattern and

   practice of unlawful discrimination in violation of the California Fair Employment and Housing
9
   Act ("FEHA") in connection with the terms and conditions of PLAINTIFF's employment.
10
        50.   PLAINTIFF was discriminated against due to her disability.   PLAINTIFF was
11
   subjected to adverse employment action by being terminated.
12
        51.   At all relevant times, DEFENDANTS had actual and constructive knowledge of the
13
   discriminatory conduct described and alleged herein, and condoned, ratified and participated in
14
   the discrimination. As a result of DEFENDANTS' failure to protect PLAINTIFF from
15
   discrimination, PLAINTIFF suffered significant emotional distress.
16
        52.   PLAINTIFF is informed and believes and thereon alleges that in addition to the
17
   practices enumerated above, DEFENDANTS, and each of them, engaged in other
18
   discriminatory practices against PLAINTIFF, which are not yet fully known. At such time as
19
   said discriminatory practices become known to PLAINTIFF, PLAINTIFF will seek leave of
20
   court to amend this complaint in those regards.
21
        53.   DEFENDANTS' acts were malicious, oppressive or fraudulent with intent to vex,
22
   injure, annoy, humiliate and embarrass PLAINTIFF, and in conscious disregard of the rights or
23
   safety of PLAINTIFF, and in furtherance of DEFENDANTS' ratification of the wrongful
24
   conduct of the supervisor of DEFENDANTS. Accordingly, PLAINTIFF is entitled to recover

   punitive damages from DEFENDANTS.
25
        54.   By reason of the conduct of DEFENDANTS, and each of them as alleged herein,
26
   PLAINTIFF has necessarily retained attorneys to prosecute the within action. PLAINTIFF is
27
   therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness

   fees and costs, incurred in bringing the within action. As a result of DEFENDANTS' and each
28
   of their actions, PLAINTIFF sustained economic damages to be proven at trial. As a further

1 | result of DEFENDANTS'· and each of their actions, PLAINTIFF suffered emotional distress;
2 | resulting in damages to be proven at trial.

3 |     55.   The above discriminatory conduct violates FEHA, Government Code §§ 12940 and
4 | 12941 and California Public Policy and entitles PLAINTIFF to all categories of damages,
5 | including exemplary or punitive damages.

6 | **SECOND CAUSE OF ACTION**<br>Failure to Accommodate - FEHA<br>Cal. Gov. Code § 12940 *et seq.*<br>(Against All DEFENDANTS)

7 |

·8 |

9 |     56.   PLAINTIFF incorporates by reference all of the previous allegations herein.

10 |     57.   The actions and conduct of the DEFENDANTS, or some of them, violated the FEHA
11 | in that DEFENDANTS, or some of them, failed to provide PLAINTIFF with reasonable
12 | accommodation for her disability.

13 |     58.   The public policy of the State of California set forth within Cal. Gov. Code §12940 *et*
14 | *seq.* support employment and utilization of persons with a physical disability. It is, therefore,
15 | within the statutory obligation of the employer to make a reasonable accommodation to a
16 | physical disability of an employee, including but not limited to, granting extended medical
17 | leave, job restructuring, and granting a modified work schedule.

18 |     59.   In violation of FEHA, DEFENDANTS, or some of them, failed to provide
19 | PLAINTIFF with reasonable accommodations for her known medical disabilities and failed to
    | engage in an interactive process.

20 |     60.   Further, the actions and conduct of DEFENDANTS, or some of them, constitute
21 | "unlawful employment practices," in violation of the FEHA, in that DEFENDANTS, or some of
22 | them, involuntarily separated PLAINTIFF from employment because of her disability, an
23 | adverse employment action.

24 |     61.   At no time did DEFENDANTS make any attempt whatsoever to accommodate
    | PLAINTIFF's disability.

25 |     62.   PLAINTIFF is and was able to perform the essential functions of her position with or
26 | without reasonable accommodation.

27 |     63.   DEFENDANTS have and had an ongoing duty to engage in the interactive process to
28 | determine an effective and reasonable accommodation for PLAINTIFF, but DEFENDANTS

COMPLAINT AND JURY DEMAND OF FAYLIN PARKER-REBISZ

1    completely failed to do so.

2    64.   As a proximate cause of DEFENDANTS' conduct, PLAINTIFF has suffered and

3    continues to suffer actual damages and general damages in the form of medical expenses, pain

4    and suffering, physical injury, emotional distress, humiliation embarrassment and attorneys'

5    fees and costs in an amount according to proof.

6                            **THIRD CAUSE OF ACTION**
                        Failure to Engage in the Interactive Process - FEHA
7                            Cal. Gov. Code § 12940 *et seq.*
8                              (Against All DEFENDANTS)

9    65.   PLAINTIFF incorporates by reference all of the previous allegations herein.

10   66.   DEFENDANTS were required to engage in a timely, ongoing, good faith interactive

11   process to attempt to accommodate PLAINTIFF.   DEFENDANTS failed to engage in the

12   interactive process with PLAINTIFF and did not make any attempt to accommodate her

13   disability.

14   67.   DEFENDANTS completely failed to meet its obligation to engage in the interactive

15   process as terminated PLAINTIFF without making a good faith effort to accommodate her

16   disability.

17   68.   PLAINTIFF is and was able to perform the essential functions of her position with or

     without reasonable accommodation.

18   69.   DEFENDANTS have and had an ongoing duty to engage in the interactive process to

19   determine an effective and reasonable accommodation for PLAINTIFF, but DEFENDANTS

20   completely failed to do so.

21   70.   At all relevant times, DEFENDANTS had actual and constructive knowledge of the

22   failure to engage in the interactive process described and alleged herein, and condoned, ratified

23   and participated in the discrimination.

24   71.   DEFENDANTS' acts were malicious, oppressive or fraudulent with intent to vex,

25   injure, annoy, humiliate and embarrass PLAINTIFF, and in conscious disregard of the rights or

26   safety of PLAINTIFF, and in furtherance of DEFENDANTS' ratification of the wrongful

27   conduct of the managers of DEFENDANTS. Accordingly, PLAINTIFF is entitled to recover

     punitive damages from DEFENDANTS.

28   72.   By reason of the conduct of DEFENDANTS and each of them as alleged herein,

1   PLAINTIFF has necessarily retained attorneys to prosecute the within action. PLAINTIFF is

2   therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness

3   fees and costs, incurred in bringing the within action. As a result of DEFENDANTS' and each

4   of their actions, PLAINTIFF sustained economic damages to be proven at trial. As a further

5   result of DEFENDANTS' and each of their actions, PLAINTIFF suffered emotional distress;
    resulting in damages to be proven at trial.

6       73.   The above discriminatory conduct violates FEHA, Government Code §§ 12940 and

7   12941 and California Public Policy and entitles Plaintiff to all categories of damages, including

8   exemplary or punitive damages.

9

10                              **FOURTH CAUSE OF ACTION**
                    Violation of California Family Rights Act ("CFRA") – Interference
11                                   (Against all DEFENDANTS)

12
        74.   PLAINITFF incorporates by reference all of the foregoing paragraphs herein.
13
        75.   The CFRA requires employers to provide twelve (12) weeks of leave for any
14
    employee who has been employed by the company for over a year and has worked over 1250
15
    hours for the employer over the previous year for family medical leave.   The CFRA also
16
    requires employers to return an employee who takes leave under the act to the same or
17
    comparable position at the conclusion of the employee's leave.
18
        76.   DEFENDANTS are employers subject by the CFRA. DEFENDANTS have over 50
19
    employees within a 75 mile radius of PLAINTIFF's work location.   At the time of
20
    PLAINTIFF's request for leave, she had been employed for over one year, and had worked over
21  1250 hours during the previous year.

22      77.   PLAINTIFF was a qualifying employee under CFRA.

23      78.   CFRA provides job-protected family medical leave for qualifying employees by

24  making it unlawful for an employer "to interfere with, restrain, or deny the exercise of…any
    right" under the CFRA.
25
        79.   PLAINTIFF was eligible and entitled to CFRA leave.
26
        80.   PLAINTIFF placed DEFENDANTS on notice of her need to take CFRA leave.
27
        81.   "Interference" by an employer with CFRA rights includes preventing an employee
28
    from taking CFRA leave, terminating an employee for *inter alia* taking CFRA leave, refusing to

1  authorize CFRA leave, and manipulation by a covered employer to avoid responsibilities.  29

2  C.F.R. §825.220(b).

3      82.  DEFENDANTS interfered with PLAINTIFF's right to take CFRA leave by

4  terminating before she could fully take her CFRA leave.

5      83.  DEFENDANTS' acts were malicious; oppressive or fraudulent with intent to vex,

6  injure, annoy, humiliate and embarrass PLAINTIFF, and in conscious disregard of the rights or

7  safety of PLAINTIFF, and in furtherance of DEFENDANTS' ratification of the wrongful

8  conduct of the employees and managers of DEFENDANTS.  Accordingly, PLAINTIFF is
   entitled to recover punitive damages from DEFENDANTS.

9      84.  By reason of the conduct of DEFENDANTS and each of them as alleged herein,

10  PLAINTIFF has necessarily retained attorneys to prosecute the within action.  PLAINTIFF is

11  therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness

12  fees and costs, incurred in bringing the within action.

13      85.  As a result of DEFENDANTS and each of their actions, PLAINTIFF sustained

14  economic damages to be proven at trial.  As a further result of DEFENDANTS' and each of
   their actions, PLAINTIFF suffered damages and emotional distress; resulting in damages to be

15  proven at trial.

16      86.  The above interfering conduct violates Government Code §§ 12940 *et seq.* and

17  California public policy and entitles PLAINTIFF to all categories of damages, including

18  exemplary or punitive damages.

19

20  

**FIFTH CAUSE OF ACTION**
Violation of CFRA – Retaliation
(Against all DEFENDANTS)

21

22  

    87.  PLAINITFF incorporates by reference all of the foregoing paragraphs herein.

23      88.  PLAINTIFF was a qualifying employee under CFRA.

24      89.  CFRA provides job-protected family medical leave for qualifying employees by

25  making it unlawful for an employer "to interfere with, restrain, or deny the exercise of…any

26  right" under the CFRA.

27      90.  PLAINTIFF was eligible and entitled to a CFRA leave.

28      91.  PLAINTIFF placed DEFENDANTS on notice of her need to take CFRA leave.

92.   DEFENDANTS retaliated against PLAINTIFF for seeking to exercise and exercising her rights to CFRA leave by terminating her and taking other adverse employment actions.

93.   DEFENDANTS' acts were malicious, oppressive or fraudulent with intent to vex, injure, annoy, humiliate and embarrass PLAINTIFF, and in conscious disregard of the rights or safety of PLAINTIFF, and in furtherance of DEFENDANTS' ratification of the wrongful conduct of the employees and managers of DEFENDANTS.   Accordingly, PLAINTIFF is entitled to recover punitive damages from DEFENDANTS.

94.   By reason of the conduct of DEFENDANTS and each of them as alleged herein, PLAINTIFF has necessarily retained attorneys to prosecute the within action.  PLAINTIFF is therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

95.   As a result of DEFENDANTS and each of their actions, PLAINTIFF sustained economic damages to be proven at trial.  As a further result of DEFENDANTS' and each of their actions, PLAINTIFF suffered damages and emotional distress; resulting in damages to be proven at trial.

96.   The above interfering conduct violates Government Code §§ 12940 *et seq.* and California public policy and entitles PLAINTIFF to all categories of damages, including exemplary or punitive damages.

### SIXTH CAUSE OF ACTION
FEHA Retaliation – Cal. Govt Code § 12945.1 *et seq.*
(Against all DEFENDANTS)

97.   PLAINTIFF incorporates by reference all of the previous allegations.

98.   The CFRA is part of the Fair Employment and Housing Act (FEHA) and is enforced by the California Department of Fair Employment and Housing (DFEH).   Gov. Code §§ 12945.1, 12945.2

99.   Within a short time after PLAINTIFF went on disability leave of absence and requested reasonable accommodations for her disability, she was terminated.

100. PLAINTIFF's unlawful termination constitutes retaliation in violation of FEHA.

101. By reason of the conduct of DEFENDANTS and each of them as alleged herein, PLAINTIFF has necessarily retained attorneys to prosecute the within action.  PLAINTIFF is

1   therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness

2   fees and costs, incurred in bringing the within action.  As a result of DEFENDANTS and each

3   of their actions, PLAINTIFF sustained economic damages to be proven at trial.  As a further

4   result of DEFENDANTS' and each of their actions, PLAINTIFF suffered emotional distress
    resulting in damages to be proven at trial.

5
    102.  The conduct of DEFENDANTS and/or their agents/employees as described herein
6
    was malicious, and/or oppressive, and done with a willful and conscious disregard for
7
    PLAINTIFF's rights and for the deleterious consequences of DEFENDANTS' actions.

8   DEFENANTS and/or their agents/employees or supervisors authorized, condoned and ratified

9   the unlawful conduct remaining DEFENDANTS.  Consequently, PLAINTIFF is entitled to

10  punitive damages against DEFENDANTS.

11
                            **SEVENTH CAUSE OF ACTION**
12                    Wrongful Termination in Violation of Public Policy
13                              (Against all DEFENDANTS)

14    103.  PLAINTIFF incorporates by reference all of the previous allegations herein.

15    104.  PLAINTIFF was terminated by DEFENDANTS based on her disability and request

16  for accommodation, despite the fact that she was and could have adequately performed her job

17  with or without reasonable accommodation.

18    105.  Such conduct violates the Public Policy of the State of California as put forward in

19  the California Fair Employment and Housing Act, the California Constitution, the California

    Labor Code, and other statutes and provisions.
20
      106.  As a result of said conduct, PLAINTIFF suffered general and exemplary damages as
21
    well as having to incur attorneys' fees to prosecute said action.

22    107.  DEFENDANTS, and each of them, did acts alleged herein maliciously, fraudulently

23  and oppressively, with the wrongful intent to injure PLAINTIFF, from an improper and evil

24  motive amounting to malice, and in conscious disregard of PLAINTIFF's rights.  The acts

25  complained of were known to, authorized and ratified by DEFENDANTS.  PLAINTIFF is

26  therefore entitled to recover punitive damages from DEFENDANTS, and each of them, in an

    amount according to proof at the time of trial.
27
    //
28

**EIGHTH CAUSE OF ACTION**
Failure to Pay All Overtime Earned for Hours Worked In
Violation of Labor Code §§ 510 and 1194, IWC Wage Orders, and FLSA
(Against All DEFENDANTS)

108.  PLAINTIFF incorporates by reference all of the previous allegations.

109.  Labor Code § 510(a) provides that work in excess of eight (8) hours in a day, or forty (40) hours in a week, must be compensated at a rate not less than one and one-half (1½) times the regular rate of pay for an employee.

110.  IWC Wage Order 4-2001 and 8 Cal. Code of Regulations § 11040 also provide that work in excess of eight (8) hours in a day, or forty (40) hours in a week, must be compensated at not less than one and one-half (1½) times the regular rate of pay for an employee.

111.  The FLSA provides that an employee must receive overtime pay for hours worked in excess of 40 hours in a workweek at a rate not less than time and one-half (1½) his regular rate of pay.

112.  PLAINTIFF worked shifts of more than eight (8) hours for DEFENDANTS or some of them without receiving overtime compensation.

113.  PLAINTIFF worked in excess of forty (40) hours in a workweek for DEFENDANTS or some of them without receiving overtime compensation.

114.  Pursuant to Labor Code § 1194, PLAINTIFF is entitled to recover in a civil action the unpaid balance of the full amount of overtime compensation for all hours worked in excess of eight (8) hours a day and in excess of forty (40) hours per week.

115.  As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF has suffered damages, in an amount to be proven at trial.

116.  As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF is also entitled to attorneys' fees under Labor Code §§ 218.5 and 1194, in addition to interest, expenses and costs of suit.

**NINTH CAUSE OF ACTION**
Unpaid "Straight" Wages
(Against all DEFENDANTS)

117.  PLAINTIFF incorporates by reference all of the previous allegations.

118. Labor Code § 201(a) requires an employer who discharges an employee to pay all compensation due and owing to the employee immediately upon discharge.

119. Labor Code § 202(a) requires an employer to pay all compensation due and owing to an employee.

120. PLAINTIFF, who is no longer employed by DEFENDANTS, has not been paid full compensation for all hours worked.

121. DEFENDANTS have willfully failed and refused to make timely payment of wages to PLAINTIFF.

122. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF has suffered damages, in an amount to be proven at trial.

123. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF is also entitled to attorneys' fees under Labor Code §§ 218.5 and 1194, in addition to interest, expenses and costs of suit.

**TENTH CAUSE OF ACTION**
Liquidated Damages – Labor Code § 1194.2 and FLSA
(Against All DEFENDANTS)

124. PLAINTIFF incorporates by reference all of the previous allegations.

125. PLAINTIFF brings an action under CA Labor Code § 1194(a) and the FLSA to recover liquidated damages because DEFENDANTS' did not PLAINTIFF minimum overtime wages set by statute or as ordered by California Industrial Welfare Commission under IWC Wage Order 4-2001, 8 Cal. Code of Regulations § 11040, and 29 U.S.C. 216(b).

126. By reason of the conduct alleged hereinabove, PLAINTIFF is entitled to liquidated damages pursuant to the CA Labor Code Section 1194.2 and the FLSA, in an amount according to proof.

**ELEVENTH CAUSE OF ACTION**
Failure to Provide Meal and Rest Breaks in Violation of Code
(Against All DEFENDANTS)

127. PLAINTIFF incorporates by reference all of the previous allegations.

128. At the times relevant herein, Labor Code §§ 226.7 and 512 and the applicable wage

IWC orders, including IWC Wage Order 4-2001 (Cal. Code Reg., tit. 8, § 11010, subds. 11(A) and 12(A)), have required DEFENDANTS to provide meal and rest periods to their employees.

129. Labor Code §§ 226.7 and 512, and the IWC wage orders, including IWC Wage Order 4-2001, prohibit employers from employing an employee for more than five hours without a meal period of not less than thirty minutes during shifts of eight or more hours.

130. Labor Code § 226.7(a) provides that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

131. Labor Code § 226.7(b) provides that an employer who fails to provide an employee a meal period or rest period in accordance with an applicable order of the IWC shall pay the employee one additional hour of pay at the employee's regular rate of compensation or each work day that the meal or rest period is not provided.

132. During PLAINTIFF's employment, she regularly worked more than six (6) hours per day, but was never afforded an uninterrupted 30-minute meal break where she was relieved of all her job duties.

133. DEFENDANTS' failure to provide meal periods conforming to the guidelines set forth above is a violation of IWC Wage Orders and Labor Code §226.7.

134. PLAINTIFF is entitled to receive all wages due to her for DEFENDANTS' failure to provide required meal periods.

135. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF has suffered damages in an amount to be proven at trial.

136. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF is also entitled to attorneys fees under Labor Code §§ 218.5 and 1194, in addition to interest, expenses and costs of suit.

### TWELFTH CAUSE OF ACTION
Waiting Time Penalties - Labor Code §203
(Against All DEFENDANTS)

137. PLAINITFF incorporates by reference all of the foregoing paragraphs herein.

138. Labor Code § 203 provides that if an employer fails to pay compensation promptly upon discharge or resignation, as required under Labor Code §§ 201 and 202, then the employer

1    is liable for waiting time pay in the form of continued compensation for up to thirty (30) work

2    days.

3        139. PLAINTIFF, who is no longer employed by DEFENDANTS, has not been paid for

4    compensation for all hours worked.

5        140. DEFENDANTS have willfully failed and refused to make timely payment of wages

     to PLAINTIFF.

6        141. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF has

7    suffered damages, in an amount to be proven at trial.

8        142. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF is also

9    entitled to attorneys' fees under Labor Code §§ 218.5 and 1194, in addition to interest, expenses

10   and costs of suit.

11

12                          **THIRTEENTH CAUSE OF ACTION**
                       Violation of California Labor Code §§ 204 and 210
13                              (Against All DEFENDANTS)

14       143. PLAINITFF incorporates by reference all of the foregoing paragraphs herein.

15       144. All wages due to any employee are due and payable twice (2) during each month and

16   all overtime wages must be paid no later than the payday for the next regular payroll period

17   pursuant to Labor Code § 204.

18       145. DEFENDANTS did not pay PLAINTIFF all of her overtime wages within the

19   applicable time periods set forth in Labor Code § 204, and have not paid her to date.

20       146. Labor Code § 210 provides for penalties for failure to pay wages pursuant to

21   California Labor Code § 204 as one-hundred dollars ($100) for any initial violation and two-

22   hundred dollars ($200) for each subsequent violation, plus twenty-five percent (25%) of the

     amount withheld.

23       147. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF is also

24   entitled to attorneys' fees, in addition to interest, expenses and costs of suit.

25   //
     //
26   //
     //
27   //

28

**FOURTEENTH CAUSE OF ACTION**
Failure to Provide Accurate Wage Statement – CA Labor Code § 226(e)
(Against All DEFENDANTS)

148. PLAINITFF incorporates by reference all of the foregoing paragraphs herein.

149. Labor Code § 226(a) provides that every employer shall, semimonthly or at the time of each payment of wages, provide each employees with a written, itemized statement showing, *inter alia*, the gross wages earned, the total hours worked by the employee, and the applicable hourly rate in effect during the pay period and the corresponding number of hours earned at each hourly rate and the name of the employer.

150. The IWC Wage Orders also establish this requirement.  (*See* 8 Cal. Code of Regs., §11040(8).)

151. Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional
> failure by employer to comply with subdivision (a) is entitled to recover
> the greater of all actual damages or fifty dollars ($50) for the initial pay
> period in which the violation occurs and one hundred dollars ($100) per
> employee for each violation in a subsequent pay period, not exceeding an
> aggregate penalty of four thousand dollars ($4,000), and is entitled to an
> award of costs and attorneys fees.

152. DEFENDANTS have failed and continue to fail to provide accurate wage statements to PLAINTIFF, in that no wage statements were provided to PLAINTIFF reflecting the actual hours worked nor the actual wages earned.

153. DEFENDANTS are liable to PLAINTIFF for the amounts described above, in addition to the civil penalties provided for in Labor Code §226.3.

154. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF is also entitled to attorneys fees under Labor Code § 226(e), interest, expenses and costs of suit.

**FIFTHEENTH CAUSE OF ACTION**
Civil Penalties Under Labor Code § 558
(Against All DEFENDANTS)

155. PLAINTIFF incorporates by reference all of the foregoing paragraphs herein.

156. Labor Code § 558 provides for civil penalties for violation of the Labor Codes' and IWC Wage Orders' regulations regarding hours worked.

157. Labor Code § 558 provides for civil penalties for violation of provisions regulating hours as fifty dollars ($50) for the initial pay period violation (in addition to the amount of the unpaid wages) and one-hundred dollars ($100) for each subsequent pay period violation (in addition to the amount of the unpaid wages).

158. DEFENDANTS are liable to PLAINTIFF for civil penalties pursuant to Labor Code § 558 for violation of the California Labor Codes' and IWC Wage Orders' regulations regarding hours worked based upon the facts and circumstances described above.

159. As a direct and proximate result of DEFENDANTS' acts, PLAINTIFF suffered injuries, and is entitled to attorneys' fees, in addition to interest, expenses and costs of suit.

## SIXTEENTH CAUSE OF ACTION
### Negligent Training
(Against All DEFENDANTS)

160. PLAINTIFF re-alleges and incorporates by reference all of the previous allegations herein.

161. PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, by and through its principals, agents and employees, conducted themselves unlawfully in violation of public policy and applicable law as described above with conscious disregard of the result or outcome of such conduct.

162. DEFENDANTS negligently and carelessly trained its employees including, but not limited to, PLAINTIFF's supervisor and other managerial employees.  DEFENDANTS breached their duty to exercise reasonable care and acted negligently and carelessly in the training of PLAINTIFF's supervisor and other managerial employees by failing to properly train their employees to ensure a workplace free of unlawful discrimination and retaliation.

163. As a direct and proximate result of DEFENDANTS' willful, knowing and intentional acts, and DEFENDANTS' failure to act; PLAINTIFF has suffered and will continue to suffer mental distress and anguish.  PLAINTIFF is thereby entitled to general and compensatory damages in amount to be proven at trial.

## SEVENTEENTH CAUSE OF ACTION
Unfair Business Practices - B&P Code §§ 17200 and 17203, *et seq.*
(Against All DEFENDANTS)

164. PLAINITFF incorporates by reference all of the foregoing paragraphs herein.

165. CA B&P Code § 17200 *et seq.* prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

166. B&P Code § 17202 provides: "Notwithstanding Section 2289 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in case of unfair competition."

167. B&P Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.

168. B&P Code § 17203 also provides that any person who meets the standing requirements of Section 17204 and complies with California Code of Civil Procedure ("CCP") Section 382 may pursue representative claims for relief on behalf of others.

169. B&P Code § 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Business Practices Act.

170. Labor Code § 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with the minimum standards of law.

171. Pursuant to B&P § 17202, PLAINTIFF is entitled to enforce all applicable provisions of the Labor Code.

172. Beginning at an exact date unknown to PLAINTIFF, but at least since the date four years prior to the filing of this suit, DEFENDANTS have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent practices and acts described in this Complaint, including, but not limited to:

    a.  Failing to pay PLAINTIFF all wages (straight and overtime) owed;

    b.  Failing to provide meal and rest periods;

    c.  Violation of California laws protecting disabled employees;

d.  Violation of California laws protecting employees rights to take leave; and

e.  Violation of California laws protecting employees against retaliation.

173.  The violations of these laws and regulations, as well as of fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of B&P Code §§ 17200 and 17203, *et seq.*

174.  The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of B&P Code §§ 17200 and 17203, *et seq.* Among other things, the DEFENDANTS' acts and practices have forced PLAINTIFF to labor without receiving compensation.

175.  The acts and practices described above have allowed DEFENDANTS to gain an unfair competitive advantage over law-abiding employers and competitors.

176.  As a direct and proximate result of the acts and practices described herein, PLAINTIFF has been denied compensation, in an amount to be proven at trial.

177.  PLAINTIFF is entitled to restitution pursuant to B&P Code § 17203 for all wages and other compensation unlawfully withheld from her during the four year period prior to the filing of the complaint.

178.  As a direct and proximate result of the aforementioned acts and practices, DEFENDANTS have received, and continue to receive, ill-gotten gains belonging to PLAINTIFF.

179.  Injunctive relief is necessary and appropriate to prevent DEFENDANTS from repeating their unlawful, unfair and fraudulent business acts and practices described herein.

180.  Pursuant to § 17203 and/or any other applicable law, PLAINTIFF seeks an order preventing DEFENDANTS from engaging in unlawful, unfair and fraudulent conduct, and preventing DEFENDANTS from profiting and benefiting from illegal and wrongful acts.

## EIGHTEENTH CAUSE OF ACTION
Labor Code Private Attorneys General Act of 2004 ("PAGA") - Labor Code § 2698, *et seq.*
(Against All DEFENDANTS)

181.  PLAINITFF incorporates by reference all of the foregoing paragraphs herein.

182.  PLAINTIFF is an aggrieved employee pursuant to California Labor Code § 2699(a), thus she is entitled to seek penalties pursuant to Labor Code §§ 201, 202, 203, 204, 210, 218.5,

226.7, 432, 558, 1194 and 2699(f)(2) on behalf and for the people of the State of California and the California Labor and Workforce Development Agency, in accordance with the procedures specified in the PAGA.

183. In compliance with California Labor Code §§ 210 and 211, and PAGA, PLAINTIFF has sought the intervention of the California Labor and Workforce Development Agency to investigate and prosecute PLAINTIFF's labor code violations identified in this Complaint.

184. PLAINTIFF has complied with the PAGA notice provision/exhaustion requirements.

185. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered injuries, and is also entitled to attorneys' fees, in addition to interest, expenses and costs of suit.

186. In committing the foregoing acts, DEFENDANTS were guilty of oppression, fraud or malice, and, in addition to the actual damages caused thereby, PLAINTIFF, the people of the State of California and the California Labor and Workforce Development Agency are entitled to recover damages for the sake of example by way of punishing PLAINTIFF.

187. PLAINTIFF requests penalties against DEFENDANTS as provided under the Labor Code, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against Defendant as follows:

1.     For a declaratory judgment that DEFENDANTS have violated California Labor Laws, the California Fair Employment and Housing Act, the California Family Rights Act and public policy, as alleged herein;

2.     For a declaratory judgment that DEFENDANTS have violated B&P Code §§ 17200 and 17203, *et seq.*, as a result of the aforementioned violations of the Labor Code and of California public policy protecting workers, ensuring that workers are paid at the legally mandated rate for all hours worked;

3.     For a permanent and mandatory injunction prohibiting DEFENDANTS, their officers, agents, employees, affiliated companies, and all those working in concert with them, from committing future violations of the laws and public policies described herein;

4.     For an award of restitution;

5.   For an order imposing all statutory and/or civil penalties provided by law, including but not limited to, penalties under Labor Code §§201, 202, 203, 204, 210, 218.5, 226(e), 226.7, 512, 558, 1194 and 2698(f)(2), together with interest on these amounts;

6.   For an order awarding PLAINTIFF compensatory damages, including but not limited to wages, earnings, and other compensation, according to proof, and interest on these amounts;

7.   For emotional distress damages according to proof;

8.   For punitive damages according to proof;

9.   For an order that DEFENDANTS must disgorge ill gotten gains;

10.   For award of reasonable attorneys' fees, as provided by Labor Code §§ 218.5, 226(e) and 1194 and/or other applicable law;

11.   For statutory prejudgment interest;

12.   For all costs of suit; and

13.   For such other and further relief as this Court deems just and proper.

Dated: August __, 2014                    KLETTER LAW FIRM LLP

                                          By: _____
                                             Cary Kletter
                                             Attorney for Plaintiff,
                                             FAYLIN PARKER-REBISZ

1                  **JURY DEMAND**

2       PLAINTIFF hereby demands a trial by jury in this action.

3 Dated: August __, 2014                 KLETTER LAW FIRM LLP

4

5

6                          By:_____

7                            Cary Kletter
                            Attorney for Plaintiff,

8                             FAYLIN PARKER-REBISZ

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

COPY

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Cary Kletter (SBN 210230)/ Sally Trung Nguyen (SBN 267275)
Kletter Law Firm LLP
1900 S. Norfolk Street, Suite 350, San Mateo, CA 94403

TELEPHONE NO.: 415.434.3400          FAX NO.:
ATTORNEY FOR *(Name):* Faylin Parker-Rebisz

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City 94063
BRANCH NAME:

CASE NAME:
Parker-Rebisz v. Covenant Aviation Security, LLC, et al.

*FOR COURT USE ONLY*

(ENDORSED)
**FILED**
SAN MATEO COUNTY

AUG 0 7 2014

Clerk of the Superior Court
By TYLER MAXWELL
DEPUTY CLERK

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | CIV 529 926   JUDGE:   DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive

4. Number of causes of action *(specify):* 18

5. This case ☐ is   ☑ is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 7, 2014

Cary Kletter
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
    Auto (22)–Personal Injury/Property
        Damage/Wrongful Death
    Uninsured Motorist (46) (*if the
        case involves an uninsured
        motorist claim subject to
        arbitration, check this item
        instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/
            Wrongful Death
    Product Liability (*not asbestos or
        toxic/environmental*) (24)
    Medical Malpractice (45)
        Medical Malpractice–
            Physicians & Surgeons
        Other Professional Health Care
            Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip
            and fall)
        Intentional Bodily Injury/PD/WD
            (e.g., assault, vandalism)
        Intentional Infliction of
            Emotional Distress
        Negligent Infliction of
            Emotional Distress
        Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business
        Practice (07)
    Civil Rights (e.g., discrimination,
        false arrest) (*not civil
        harassment*) (08)
    Defamation (e.g., slander, libel)
        (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice
            (*not medical or legal*)
    Other Non-PI/PD/WD Tort (35)
**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease
            Contract (*not unlawful detainer
                or wrongful eviction*)
        Contract/Warranty Breach–Seller
            Plaintiff (*not fraud or negligence*)
        Negligent Breach of Contract/
            Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open
        book accounts) (09)
        Collection Case–Seller Plaintiff
        Other Promissory Note/Collections
            Case
    Insurance Coverage (*not provisionally
        complex*) (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute
**Real Property**
    Eminent Domain/Inverse
        Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property (*not eminent
            domain, landlord/tenant, or
            foreclosure*)
**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) (*if the case involves illegal
        drugs, check this item; otherwise,
        report as Commercial or Residential*)
**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court
            Case Matter
        Writ–Other Limited Court Case
            Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor
            Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims
        (*arising from provisionally complex
        case type listed above*) (41)
**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of
            County)
        Confession of Judgment (*non-
            domestic relations*)
        Sister State Judgment
        Administrative Agency Award
            (*not unpaid taxes*)
        Petition/Certification of Entry of
            Judgment on Unpaid Taxes
        Other Enforcement of Judgment
            Case
**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint (*not specified
        above*) (42)
        Declaratory Relief Only
        Injunctive Relief Only (*non-
            harassment*)
        Mechanics Lien
        Other Commercial Complaint
            Case (*non-tort/non-complex*)
        Other Civil Complaint
            (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
    Partnership and Corporate
        Governance (21)
    Other Petition (*not specified
        above*) (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult
            Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief From Late
            Claim
        Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT C

**APPROPRIATE DISPUTE RESOLUTION INFORMATION SHEET**

**SUPERIOR COURT OF CALIFORNIA, SAN MATEO COUNTY**

In addition to the court provided voluntary and mandatory settlement conferences, this court has established, in partnership with the community and Bar Association, the Multi-Option ADR Project. Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the San Mateo County Superior Court encourages the parties in civil cases to explore and pursue the use of Appropriate Dispute Resolution

## WHAT IS APPROPRIATE DISPUTE RESOLUTION?

Appropriate Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits.   Types of ADR processes include arbitration, mediation, neutral evaluation, mini-trials, settlement conferences, private judging, negotiation, and hybrids of these processes.   All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes.

## WHAT ARE THE ADVANTAGES OF USING ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.**  Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.**  By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorney's fees and court expenses).

- **ADR provides more participation.**  Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.**  Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.**  ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation.  Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration, Mediation, and Neutral Evaluation

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California State courts are Arbitration, Mediation and Neutral Evaluation.   The Multi-Option ADR Project a partnership of the Court, Bar and Community offers pre-screened panelists with specialized experience and training in each of these areas.

**Arbitration:** An arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an arbitration award.  Arbitration awards may be entered as

judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes.  Arbitrations can be binding or non-binding, as agreed by the parties in writing.

**Mediation:** Mediation is a voluntary, informal, confidential process in which the mediator, a neutral third party, facilitates settlement negotiations.   The mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

**Neutral Evaluation:** Involves presentations to a neutral third party with subject matter expertise who may render an opinion about the case the strengths and weaknesses of the positions, the potential verdict regarding liability, and a possible range for damages.

**CIVIL ADR PROCEDURES FOR THE SAN MATEO COUNTY SUPERIOR COURT**

- Upon filing a Complaint, the Plaintiff will receive this **Information sheet** from the Superior Court Clerk.  Plaintiff is expected to include this information sheet when he or she **serves the Complaint** on the Defendant.

- All parties to the dispute may voluntarily agree to take the matter to an ADR process. A stipulation is provided here.  Parties chose and contact their own ADR provider. A Panelist List is available online.

- If the parties have not agreed to use an ADR process, an initial Case Management Conference ("CMC") will be scheduled within 120 days of the filing of the Complaint. **An original and copy of the Case Management Conference Statement must be completed and provided to the court clerk no later than 15 days prior to the scheduled conference.** The San Mateo County Superior Court Case Management Judges will strongly encourage all parties and their counsel to consider and utilize ADR procedures and/or to meet with the ADR director and staff where appropriate.

- If the parties voluntarily agree to ADR, the parties will be required to sign and file **a Stipulation and Order to ADR.**

- A timely filing of a stipulation (at least 10 days prior to the CMC) will cause a notice to vacate the CMC.  ADR stipulated cases (other than judicial arbitration) will be continued for further ADR/Case Management status review in 90 days.  If the case is resolved through ADR, the status review date may be vacated if the court receives a dismissal or judgment. The court may upon review of case information suggest to parties an ADR referral to discuss matters related to case management, discovery and ADR.

- Any ADR Services shall be paid for by the parties pursuant to a separate ADR fee agreement. The ADR Director may screen appropriate cases for financial aid where a party is indigent.

- Local Court Rules require your cooperation in evaluating the ADR Project and will expect a brief evaluation form to be completed and submitted **within 10 days of completion of the process.**

**You can find ADR forms on the ADR webpage: www.sanmateocourt.org/adr. For more information contact the Multi-Option ADR Project at (650) 261-5075 or 261-5076.**

Form ADR-CV-8 "Court ADR Information Sheet ADR-CV-8" [Rev. Feb. 2014]

EXHIBIT D

(ENDORSED)
**FILED**
SAN MATEO COUNTY

NOTICE OF CASE MANAGEMENT CONFERENCE

AUG 0 7 2014

_Faylin Parker-Rebis_ Clerk of the Superior Court
By   TYLER MAXWELL
DEPUTY CLERK

Case No: _____

**CIV 5 2 9 9 2 8**

vs.

_Covenant Aviation Security, et al_

Date: _12-17-2014_

Time 9:00 a.m.

Dept. _____  --on Tuesday & Thursday
Dept. ___7___  --on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1.   In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a)   Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).
   b)   Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
   c)   File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.
   d)   Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference.

2.   If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3.   Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4.   Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10-days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.

5.   If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes," etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6.   You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7.   The Case Management judge will issue orders at the conclusion of the conference that may include:
   a)   Referring parties to voluntary ADR and setting an ADR completion date;
   b)   Dismissing or severing claims or parties;
   c)   Setting a trial date.

8.   The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at: www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).

# EXHIBIT E

1 | HANSON BRIDGETT LLP
RAYMOND F. LYNCH, SBN 119065
2 | rlynch@hansonbridgett.com
GILBERT J. TSAI, SBN 247305
3 | gtsai@hansonbridgett.com
425 Market Street, 26th Floor
4 | San Francisco, California 94105
Telephone:   (415) 777-3200
5 | Facsimile:    (415) 541-9366

6 | Attorneys for DEFENDANT
COVENANT AVIATION SECURITY, LLC
7 | and DEFENDANT COVENANT AVIATION
SECURITY CORPORATION

8

ENDORSED FILED
SAN MATEO COUNTY

SEP - 9 2014

Clerk of the Superior Court
By ___B. YAMANG___
DEPUTY CLERK

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | COUNTY OF SAN MATEO

11

12 | FAYLIN PARKER-REBISZ,

13 |                 Plaintiff,

14 |         v.

15 | COVENANT AVIATION SECURITY, LLC;
COVENANT AVIATION SECURITY
16 | CORPORATION; and DOES 1 - 20,
inclusive,
17

18 |                 Defendants.

CASE NO. CIV529928

**DEFENDANT COVENANT AVIATION
SECURITY, LLC'S AND COVENANT
AVIATION SECURITY CORPORATION'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Action Filed:      August 7, 2014

19 | Defendants COVENANT AVIATION SECURITY, LLC and COVENANT AVIATION

20 | SECURITY CORPORATION (collectively, "Defendants"), by their attorneys Hanson

21 | Bridgett LLP, hereby submit this Answer to Plaintiff FAYLIN PARKER-REBISZ's

22 | ("Plaintiff") Complaint ("Complaint"), and state as follows:

23 | <u>GENERAL DENIAL</u>

24 | Defendants, pursuant to California Code of Civil Procedure, Section 431.30(d),

25 | generally deny and put at issue each and every material allegation in Plaintiff's unverified

26 | Complaint.  In further answer to the Complaint, Defendants deny that Plaintiff has

27 | suffered any damage in the manner alleged, or in any manner whatsoever, as a result of

28 | the alleged acts and/or omissions of Defendants, and deny that Plaintiff is entitled to

8259433.1

-1-

1 equitable relief or damages of any kind or in any amount.

2 **AFFIRMATIVE DEFENSES**

3 Defendants hereby assert the following separate affirmative defenses to Plaintiff's

4 Complaint:

5 **FIRST AFFIRMATIVE DEFENSE**

6 Neither Plaintiff's Complaint nor any purported cause of action alleged therein

7 states facts sufficient to constitute a cause of action against Defendants upon which relief

8 can be granted.

9 **SECOND AFFIRMATIVE DEFENSE**

10 Plaintiff's causes of action are barred, in whole or in part, to the extent she alleges

11 actions barred by the applicable statutes of limitation, including without limitation

12 California Government Code Sections 12960 and 12965(b); California Code of Civil

13 Procedure Sections 335, 337, 338, 339, 340, 340.5, 343, and 474; and California

14 Business and Professions Code Section 17208.

15 **THIRD AFFIRMATIVE DEFENSE**

16 To the extent that any of Plaintiff's Causes of Action state a claim under the

17 California Fair Employment and Housing Act, California Government Code section 12940

18 *et seq.* ("FEHA"), those causes of action cannot be maintained to the extent that Plaintiff

19 has failed to fulfill the statutory prerequisites to suit, including properly and timely

20 exhausting her administrative remedies.

21 **FOURTH AFFIRMATIVE DEFENSE**

22 To the extent that any of Plaintiff's Causes of Action state a claim under the FEHA

23 that exceed the scope of her administrative charge filed with the Department of Fair

24 Employment and Housing, if any, such cause or causes of action are barred by Plaintiff's

25 failure to exhaust her administrative remedies.

26 **FIFTH AFFIRMATIVE DEFENSE**

27 Plaintiff's causes of action are barred, in whole or in part, to the extent Plaintiff was

28 not a qualified individual with a disability.

-2-
DEFENDANT COVENANT AVIATION SECURITY, LLC'S AND COVENANT AVIATION SECURITY
CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's causes of action are barred, in whole or in part, to the extent that accommodations required or requested by Plaintiff, if any, were unreasonable and would have imposed an undue hardship on the operation of Defendants' business.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's causes of action are barred, in whole or in part, to the extent that Plaintiff was unable, even with reasonable accommodation, to perform the essential functions of the position she held in a manner that would not endanger her health or safety, or the health or safety of others.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's causes of action are barred, in whole or in part, under the avoidable consequences doctrine to the extent that Plaintiff unreasonably failed to use the complaint procedure or any other preventative and corrective measures that Defendants provided its employees to prevent and correct workplace discrimination and/or retaliation, which would have prevented any alleged harm.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's causes of action are barred, in whole or in part, to the extent that Plaintiff unreasonably failed to exhaust Defendants' internal remedies with respect to complaints, if any, Plaintiff had regarding practices of Defendants.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's causes of action are barred, in whole or in part, because Defendants' actions were justified by legitimate business reasons, and Defendants would have made the same employment decisions concerning Plaintiff absent any discriminatory or retaliatory motive.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's causes of action are barred, in whole or in part, because Defendants took the complained-of employment actions for legitimate, non-discriminatory and/or non-

8259433.1

DEFENDANT COVENANT AVIATION SECURITY, LLC'S AND COVENANT AVIATION SECURITY CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

retaliatory, business reasons.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, because Defendant provided and Plaintiff received all rights to which she was entitled under the California Family Rights Act.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, to the extent she consented and/or acquiesced to or approved of the alleged conduct, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, because if Plaintiff suffered any damages at all, no alleged act or omission by Defendants were the actual or proximate cause of said damages to Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, because Defendants cannot be held liable for the conduct of any employee that falls outside the course and scope of that employee's employment.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any emotional distress allegedly suffered by Plaintiff is not attributable to Defendants or any conduct for which Defendants would be liable.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, by the equitable doctrine of laches.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, by the equitable doctrines of waiver and/or estoppel.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, by the doctrine of after-acquired evidence.

8259433.1

1

## NINETEENTH AFFIRMATIVE DEFENSE

2   Plaintiff's causes of action are barred, in whole or in part, by the doctrine of

3   unclean hands.

4

## TWENTIETH AFFIRMATIVE DEFENSE

5   Plaintiff's causes of action are barred, in whole or in part, to the extent that Plaintiff

6   has failed to make reasonable efforts to mitigate her damages, if any.

7

## TWENTY-FIRST AFFIRMATIVE DEFENSE

8   Plaintiff's causes of action are barred, in whole or in part, to the extent that

9   Plaintiff's Complaint alleges injuries subject to recovery under California Labor Code

10   Section 3706, because Defendants have satisfied the conditions of that section, and the

11   causes of action are therefore barred by the exclusive remedial provisions of California

12   Labor Code Section 3600.

13

## TWENTY-SECOND AFFIRMATIVE DEFENSE

14   To the extent Plaintiff seeks to recover waiting time and/or other statutory

15   penalties, Plaintiff's causes of actions are barred, in whole or in part, because even

16   assuming *arguendo* that Plaintiff is entitled to additional compensation, Defendants did

17   not "willfully" or "intentionally" fail to pay any such additional compensation to Plaintiff.

18

## TWENTY-THIRD AFFIRMATIVE DEFENSE

19   To the extent Plaintiff seeks to recover waiting time and/or other statutory

20   penalties, Defendants allege that the Complaint fails to state a claim for penalties under

21   California Labor Code Section 203 in that there is a good faith dispute as to Defendants'

22   obligation to pay wages as alleged in the Complaint.

23

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24   Plaintiff's causes of action are barred and/or offset, in whole or in part, to the to the

25   extent that Plaintiff has received premium pay for any on-duty meal periods or any

26   payments under Labor Code § 226.7.

27   / / /

28   / / /

1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

2      Plaintiff's causes of action are barred, in whole or in part, because to the extent

3 Plaintiff did not take a meal period during her employment on a day on which she was

4 entitled to a thirty-minute duty-free meal period, it was due to her voluntary choice, and

5 not to any policy or practice by Defendants that prohibited or restricted her ability to take

6 meal periods. *Brinker Restaurant Corp. v. Superior Court (Hohnbaum),* 53 Cal.4th 1004

7 (2012).

8

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

9      Plaintiff's causes of action are barred, in whole or in part, to the extent that the

10 nature of the work prevented Plaintiff from taking any off-duty meal periods during the

11 relevant time periods.  8 Cal. Code Regs. 11150(11)(A).

12

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

13      Plaintiff's causes of action are barred, in whole or in part, to the extent that Plaintiff

14 voluntarily waived her periods, including for workdays in which she worked six hours or

15 less.

16

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

17      Plaintiff's causes of action are barred, in whole or in part, because Plaintiff was

18 authorized and permitted to take ten minute paid, uninterrupted rest periods for every four

19 hours of work, and to the extent Plaintiff did not take a ten minute paid, uninterrupted rest

20 period for any four hour period that she worked for Defendants, it was due to her

21 voluntary choice, and not to any policy or practice by Defendants that prohibited or

22 restricted the ability of their employees to take rest periods. *Brinker Restaurant Corp. v.*

23 *Superior Court (Hohnbaum),* 53 Cal.4th 1004 (2012).

24

## TWENTY-NINTH AFFIRMATIVE DEFENSE

25      Plaintiff's causes of action are barred, in whole or in part, because Defendants

26 have at all times acted reasonably and in good faith with respect to its obligations under

27 Labor Code § 226 to make, keep, and preserve adequate and accurate records of

28 covered employees and the wages, hours, and other conditions and practices of

8259433.1

-6-

DEFENDANT COVENANT AVIATION SECURITY, LLC'S AND COVENANT AVIATION SECURITY
CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

1 | employment, and Defendants' alleged bad acts or omissions, if any, were not knowing
2 | and not intentional.

### THIRTIETH AFFIRMATIVE DEFENSE

3 |
4 | Plaintiff's causes of action are barred, in whole or in part, because of Plaintiff's
5 | own negligence and/or acts or omissions in connection with the matters alleged.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

6 |
7 | Plaintiff's causes of action are barred, in whole or in part, because of the
8 | negligence and/or acts or omissions of parties other than the Defendants in connection
9 | with the matters alleged.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

10 |
11 | Plaintiff's causes of action are barred, in whole or in part, because Plaintiff's
12 | damages, if any, were proximately caused by and/or were contributed to by Plaintiff's
13 | own acts or failures to act and that Plaintiff's recovery, if any, should be reduced by an
14 | amount proportionate to the amount by which said acts caused or contributed to said
15 | alleged injury or damages.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

16 |
17 | Plaintiff's causes of action are barred, in whole or in part, because Plaintiff's
18 | damages, if any, were proximately caused by and/or were contributed to by acts or
19 | failures to act of persons other than Defendants, which acts or failures to act constitute
20 | an intervening and superseding cause of the damages alleged in the Complaint.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

21 |
22 | Plaintiff's causes of action are barred, in whole or in part, because the actions
23 | taken by Defendants were the exercise of reasonable business judgment.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

24 |
25 | Plaintiff's causes of action are preempted by Section 301 of the Labor
26 | Management Relations Act, as amended, 29 U.S.C. section 185(a), to the extent
27 | Plaintiff's claims require interpretation of the collective bargaining agreement between
28 | Plaintiff's union and her employer.

8259433.1

DEFENDANT COVENANT AVIATION SECURITY, LLC'S AND COVENANT AVIATION SECURITY
CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

1

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

2       Plaintiff's causes of action are barred, in whole or in part, because the sole and

3   exclusive remedy for the allegations therein are the grievance and arbitration procedures

4   set forth in the collective bargaining agreement between Plaintiff's union and her

5   employer.

6

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

7       Plaintiff's cause of action under the Labor Code Private Attorneys General Act is

8   barred because Plaintiff has failed to give timely and sufficient notice of the alleged

9   statutory violations to the California Labor and Workforce Development Agency and to

10  Defendants, as required by California Labor Code § 2699.

11

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

12      Plaintiff's cause of action under the Labor Code Private Attorneys General Act,

13  Cal. Labor Code §§ 2698, *et seq.*, is barred because Plaintiff has failed to identify any

14  other allegedly "aggrieved employees," as required by that statute.

15

### THIRTY-NINTH AFFIRMATIVE DEFENSE

16      Plaintiff has failed to state a claim against Defendants for punitive and/or

17  exemplary damages.  *See* Cal. Civ. Code § 3294.

18

### FORTIETH AFFIRMATIVE DEFENSE

19      Plaintiff's claims for punitive and/or exemplary damages violate the due process

20  clauses of the Fifth and Fourteenth Amendments to the United States Constitution, as

21  well as the California Constitution and related California statutory and common law, to the

22  extent that the amount of such damages is disproportional to the actual damages sought,

23  and to the extent that neither statutory law, common law, nor the California Code of Civil

24  Procedure afford Defendants adequate procedural safeguards in light of the potential

25  punishment at stake.

26

### FORTY-FIRST AFFIRMATIVE DEFENSE

27      Plaintiff's causes of action are barred, in whole or in part, because the employment

28  actions about which Plaintiff complains, if any, were based on good, sufficient, and legal

8259433.1

-8-

1   cause, upon reasonable grounds for belief in their truth or justification, and were taken in

2   good faith and without malice.

### FORTY-SECOND AFFIRMATIVE DEFENSE

4          Plaintiff's causes of action are barred, in whole or in part, because she is not an

5   eligible employee for purposes of the California Family Rights Act.  See  2 Cal.C.Regs. §

6   11087(e).

### RESERVATION OF RIGHT

8          Because Plaintiff's Complaint is vague, ambiguous and written in conclusory

9   terms, Defendants cannot fully anticipate all defenses that may be applicable to this

10  action.  Accordingly, Defendants reserve the right to assert additional affirmative

11  defenses if Defendants become aware of the existence of such defenses after this

12  Answer is filed.

13         WHEREFORE, Defendants pray as follows:

14         1.     That Plaintiff takes nothing by this action;

15         2.     That judgment be entered in Defendants' favor;

16         3.     That Defendants recover their costs in this proceeding, including

17                reasonable attorneys' fees; and

18
    That the Court grant such other and further relief as it deems appropriate.
19

20
    DATED: September 9, 2014                    HANSON BRIDGETT LLP
21

22
                                                By:_____
23                                              RAYMOND F. LYNCH
                                                GILBERT J. TSAI
24                                              Attorneys for Defendants
                                                COVENANT AVIATION SECURITY, LLC
25                                              COVENANT AVIATION SECURITY CORP.

26

27

28

8259433.1
                                          -9-
       DEFENDANT COVENANT AVIATION SECURITY, LLC'S AND COVENANT AVIATION SECURITY
                   CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

1

### PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

3

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California.  My business address

4

is 425 Market Street, 26th Floor, San Francisco, CA 94105.

5

On September 9, 2014, I served true copies of the following document(s) described as **DEFENDANT COVENANT AVIATION SECURITY, LLC'S AND**

6

**COVENANT AVIATION SECURITY CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

7

Cary Kletter, Esq.                                    *Attorneys for Plaintiff*

8

Sally Trung Nguyen, Esq.
Kletter Law Firm

9

1900 S. Norfolk Street, Suite 350
San Mateo, CA  94403

10

11

12

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the

13

envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing

14

correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United

15

States Postal Service, in a sealed envelope with postage fully prepaid.

16

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

17

Executed on September 9, 2014, at San Francisco, California.

18

19

20

Terri A. McGrath

21

22

23

24

25

26

27

28

8768692.1

# EXHIBIT F

1  HANSON BRIDGETT LLP
   RAYMOND F. LYNCH, SBN 119065
2  rlynch@hansonbridgett.com
   GILBERT J. TSAI, SBN 247305
3  gtsai@hansonbridgett.com
   425 Market Street, 26th Floor
4  San Francisco, California 94105
   Telephone:   (415) 777-3200
5  Facsimile:   (415) 541-9366

6  GRIFFITH JACOBSON, LLC
   JAMES E. MAHONEY (requesting admission *pro hac vice*)
7  jem@gjlaw.com
   55 West Monroe Street
8  Suite 3550
   Chicago, IL 60603
9  Telephone: (312) 236-8110
   Facsimile:   (312) 236-6724
10
   Attorneys for Defendants COVENANT
11 AVIATION SECURITY, LLC; COVENANT
   AVIATION SECURITY CORPORATION
12

13              **UNITED STATES DISTRICT COURT**

14            **NORTHERN DISTRICT OF CALIFORNIA**

15

| | |
|---|---|
| 16  FAYLIN PARKER-REBISZ, | CASE NO. |
| 17             Plaintiff, | **DECLARATION OF JAMES MAHONEY IN SUPPORT OF NOTICE OF REMOVAL BY DEFENDANTS COVENANT AVIATION SECURITY, LLC AND COVENANT AVIATION SECURITY CORPORATION** |
| 18             v. | |
| 19  COVENANT AVIATION SECURITY, LLC; COVENANT AVIATION SECURITY CORPORATION; and DOES 1-20, inclusive, | |
| 20 | **28 U.S.C. §§ 1332, 1441(b)** |
| 21 | |
| 22             Defendants. | **Removal Based on Diversity of Citizenship** |
| 23 | (San Mateo Superior Court Case No. CIV 529928) |

24

25

26

27

28

8618313.1

1    I, James E. Mahoney, declare as follows:

2    1.    I am counsel for Defendants COVENANT AVIATION SECURITY, LLC;

3    COVENANT AVIATION SECURITY CORPORATION and will be applying for admission

4    pro hac vice in this action.  I have personal knowledge of the facts set forth herein, except

5    as to those stated on information and belief and, as to those, I am informed and believe

6    them to be true.  If called as a witness, I could and would competently testify to the

7    matters stated herein.

8    2.    On April 14, 2014, counsel for Plaintiff Faylin Rebisz ("Plaintiff"), Cary

9    Kletter, sent a letter to my client Covenant Aviation Security, LLC, describing Plaintiff's

10   claims and valuing them in excess of **$500,000.00**.  Plaintiff's counsel offered to settle

11   Plaintiff's claims for **$250,000.00** and a mutual release.  Attached as Exhibit 1 is a true

12   and correct copy of Plaintiff's demand letter.

13   I declare under penalty of perjury under the laws of the United States of America

14   that the foregoing is true and correct.

15   Executed September 10, 2014, at Chicago, Illinois.

16

17                                              /s/ James E. Mahoney
                                                James E. Mahoney
18

19

20

21

22

23

24

25

26

27

28

8618313.1

-1-

EXHIBIT 1



# KLETTER LAW FIRM LLP

1900 S. NORFOLK STREET, SUITE 350
SAN MATEO, CALIFORNIA 94403
TELEPHONE: 415.434.3400
WWW.KLETTERLAW.COM

CARY KLETTER
PARTNER
ckletter@kletterlaw.com

April 14, 2014

*Via E-Mail (jim.brown@covenantsecurity.com) and U.S. Mail*

Jim Brown
Vice President of Human Resources
Covenant Aviation Security, LLC
400 Quadrangle Dr., Ste A
Bolingbrook, IL 60440

Re:   **Faylin Rebisz's Employment with Covenant Aviation Security, LLC**

Dear Mr. Brown:

We have been retained to represent Faylin Rebisz with regard to her employment with Covenant Aviation Security, LLC ("CAS").   Going forward, please do not attempt to communicate with her directly, but instead please do so exclusively through this office.   This letter is a privileged settlement communication under California Evidence Code §1152. We would like to resolve this situation without the necessity of filing suit and this letter is written in an effort to do so.

As you may be aware, Ms. Rebisz worked for CAS for approximately four years. Throughout her employment, she was an extremely dedicated, loyal and hardworking employee. Despite her positive performance and long tenure as a successful employee, Ms. Rebisz was subjected to unlawful employment practices because of her disabilities in violation of applicable law. She was terminated while on a disability leave of absence.

Ms. Rebisz began experiencing problems at work shortly after she informed CAS of her serious medical conditions (Schizoaffective Disorder and High Anxiety) in or around September 2012. After she submitted all the forms CAS required of her for a leave of absence under the Family Medical Leave Act ("FMLA"), she commenced her approved leave of absence on or around September 27, 2012. Pursuant to CAS's notice dated October 23, 2012, Ms. Rebisz's leave expiration date was September 26, 2013. Ms. Rebisz was terminated by CAS on September 18, 2013 prior expiration of her approved medical leave.

On March 18, 2013, CAS requested an updated certification from Ms. Rebisz. Ms. Rebisz submitted to CAS the requested certification form completed by her treating doctor on May 6, 2013. CAS claimed it was not satisfied with the information provided by her doctor, however, and requested Ms. Rebisz's doctor submit additional information. On July 17, 2013, Ms. Rebisz's doctor submitted the additional information requested regarding Ms. Rebisz's medical condition. CAS again claimed it was dissatisfied with the information submitted and

demanded more information. Ms. Rebisz continued to try to work with CAS to provide it with all the information it requested.

In or around July 2013, Ms. Rebisz's medical condition worsened which necessitated modification of her leave from intermittent to full and she was temporarily unable to work at all. She commenced a medically necessary full disability leave on July 23, 2013.

On August 6, 2013, CAS informed Ms. Rebisz that she needed to complete more paperwork regarding her disability. Ms. Rebisz immediately requested from CAS a copy of the forms so she could have it completed and returned. Ms. Rebisz informed human resources at CAS that she had not received the forms CAS required on several occasions. However, to date, Ms. Rebisz has still not received a copy of the forms CAS wanted her to complete and return.

On September 12, 2013, CAS sent Ms. Rebisz a letter informing her that it planned to terminate her employment if she did not return a completed American with Disabilities Act ("ADA") certification from by 5:00 p.m. on September 16, 2013. Given that Ms. Rebisz had not received the forms despite her repeated efforts to obtain a copy, she was forced research for a certification form online in hopes of satisfying CAS's request. She and her sister spent much time and effort to locate the certification form CAS wanted. She eventually found a 7-page ADA form, which she genuinely believed would be sufficient. Ms. Rebisz completed the 7-page ADA form and submitted it to CAS via facsimile and email before the arbitrary deadline set by CAS. CAS once again claimed it was not satisfied with the information submitted by Ms. Rebisz.

CAS terminated Ms. Rebisz's employment on or around September 18, 2013 while Ms. Rebisz was on disability leave and awaiting her first disability benefits check. CAS claimed that it had not received the correct documentation from Ms. Rebisz's doctor, despite getting voluminous information regarding her medical condition, restrictions and limitations. Her doctor even revised and provided supplemental information about three to four times in an effort to resolve any pending issues with CAS regarding Ms. Rebisz's disability. It is undeniable that Ms. Rebisz made several good-faith attempts to work with CAS to find a reasonable accommodation, but CAS failed in its duty to engage in the interactive process.

As a result of CAS's conduct, Ms. Rebisz has suffered significant psychological and physical symptoms. Specifically, Ms. Rebisz is suffering from severe anxiety, depression, stress, lost of trust, insomnia, panic attacks, tremors, hopelessness and uncertainty regarding her financial future. She is constantly concerned about meeting her monthly financial obligations. She is anxious and extremely concerned about her future and health conditions. Her concerns will likely continue to add to her emotional distress and exacerbate her symptoms. She will continue to suffer emotional distress into the indefinite future.

## Disability Discrimination

Discriminating against an employee based on her disability violates the California Fair Employment and Housing Act (FEHA), as well as Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA). Ms. Rebisz establishes a *prima facie* case for disability discrimination by CAS as set forth by the Court in *McDonnell Douglas*. *See McDonnell Douglas Corp. v. Green* (1973) 411 US 792. She is a member of the protected class based on her disabilities; she was qualified to perform her job with or without accommodations;

she suffered an adverse employment action by being terminated by CAS because of her disabilities and need for accommodations; and the circumstances surrounding the adverse action suggest a discriminatory motive because Ms. Rebisz was terminated after informing CAS of her disabilities, after requesting accommodation (e.g. leave of absence) and while she was on a disability leave of absence. Further, persons outside the protected class, employees who are not disabled, were not terminated around the same time period.

In disparate treatment employment discrimination cases, "plaintiffs may demonstrate via indirect or circumstantial evidence that they were the victims of discrimination." *Heard v. Lockheed Missiles & Space Co., Inc.* (1996) 44 Cal.App.4th 1735, 1749. Here, Ms. Rebisz was told she was terminated on September 16, 2013 while on a medically necessary leave of absence.

Moreover, upon becoming aware of Ms. Rebisz's disabilities, CAS engaged in a course of conduct to set Ms. Rebisz up for termination by, *inter alia*, claiming it was unsatisfied with the information she and her doctor provided to it regarding her disabilities and setting arbitrary deadlines for her to submit documentation, despite being aware that she was so disabled that she needed to stay home and that stress and anxiety affected her health. CAS's claim that it terminated Ms. Rebisz because it did not receive the required information is clearly pretext and if forced to we will demonstrate that to the judge and jury.

Ms. Rebisz's well-known need for reasonable accommodation since at least September 2012 coupled with CAS failing to provide a reasonable accommodation demonstrates that Ms. Rebisz was a victim of unlawful discrimination. Moreover, the Supreme Court has held that a plaintiff may prove intentional discrimination by simply establishing a *prima facie* case, and demonstrating that the employer's nondiscriminatory explanation for its conduct is pretext. *Reeves v. Sanderson Plumbing Products, Inc.* (2000) 530 U.S. 133, 134. Here, Ms. Rebisz was informed that CAS was terminating her employment because it claimed the medical information Ms. Rebisz and her doctor provided to CAS was insufficient. Ms. Rebisz was not provided with a non-discriminatory explanation for her termination. Ms. Rebisz can prevail if she demonstrates her disability was a factor in her termination.

## Failure to Accommodate and Failure to Engage in the Interactive Process

CAS further failed to accommodate Ms. Rebisz's disability by terminating her without any attempt to accommodate her disabilities in violation of federal and California laws. CAS failed to engage in the required interactive process to try to find a reasonable accommodation. Ms. Rebisz was able to perform the essential functions of her Transportation Security Officer position with or without reasonable accommodation.

Under California and Federal laws, CAS had a duty to engage in the interactive process to determine an effective reasonable accommodation. *See e.g.* Gov. C. § 12940(n). CAS had an obligation to continue working with her to find a reasonable accommodation. An employer's duty to provide reasonable accommodations is a continuing one and is not met by a single effort. *McAlindin v. County of San Diego* (9th Cir. 1999), 192 F.3d 1226, 1237, 1236. The employer's obligation to engage in the interactive process continues when the employee asks for a different accommodation, or when the employer is aware that the initial accommodation is failing. *EEOC v. UPS Supply Chain Solutions* (9th Cir. 2010) 620 F.3d 1103, 1111. Moreover, the interactive process requires communication and good faith exploration of possible accommodations between

an employer and employee. *Humphrey v. Memorial Hosps. Ass'n* (9th Cir. 2001) 239 F.3d 1128, 1137.

      Here, CAS completely failed to meet its obligation. Despite receiving Ms. Rebisz's requests for accommodations since September 2012, CAS did not communicate any proposed accommodation whatsoever. Instead, it consistently created roadblocks to prevent Ms. Rebisz from taking a medically necessary leave of absence and to set her up for termination. There is no requirement that Ms. Rebisz first make a request for accommodation to trigger CAS's duty to engage in the interactive process. See *Norris v. Allied-Sysco Food Services* (N.D. Cal. 1996) 948 F. Supp. 1419, 1436 ("if an employee's disability and the need to accommodate it are obvious, an employee is not required to expressly request reasonable accommodation.") CAS was required to engage in a "timely, good faith interactive process . . . in response to a request for reasonable accommodation by an employee with a known disability or known medical condition." Gov. C. § 12940(n). At no point did CAS engage in an interactive process to accommodate Ms. Rebisz's disabilities.

      It should be noted that California courts have consistently held that granting a leave of absence that is not covered under the California Family Rights Act ("CFRA") and the federal Family Medical Leave Act ("FMLA") is a form of "reasonable accommodation" under FEHA when it is likely that the employee will be able to return to work. See *Jensen v. Wells Fargo Bank* (2000) 85 Cal.App.4th 245, 263 ("Holding a job open for a disabled employee who needs time to recuperate or heal is in itself a form of reasonable accommodation and may be all that is required where it appears likely that the employee will be able to return to an existing position at some time in the foreseeable future.; *see also Hanson v. Lucky Stores, Inc.* (1999) 74 Cal.App.4th 215, 226 ("leave can be a reasonable accommodation under FEHA, provided it is likely that at the end of the leave, the employee would be able to perform his or her duties."). At all times, there was no reason to believe Ms. Rebisz would not return to work in the near future. Ms. Rebisz was entitled to reasonable accommodation for her disabilities, and the requested leave of absence was a form of reasonable accommodation it could have provided Ms. Rebisz. CAS therefore failed to abide by California and federal laws with respect to Ms. Rebisz's disabilities.

## Ms. Rebisz has a Claim for Retaliation Related to her Disability

      FEHA prohibits an employer from taking adverse employment action against an employee in retaliation for engaging in protected activity. See Government Code section 12940(h) (unlawful for "any employer...to discharge, expel, or otherwise discriminate against any person...because the person has filed a complaint, testified, or assisted in any proceeding under this part"). To establish a *prima facie case* of FEHA retaliation, an employee must show that (1) she engaged in a protected activity; (2) the employer subjected the plaintiff to an adverse employment action; and (3) the protected activity and the employer's adverse action were causally connected. *Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1042. Here, Ms. Rebisz engaged in protected activity when she went on a disability leave of absence and requested reasonable accommodation of her disabilities (e.g. asking for a leave of absence). Shortly thereafter, she was subjected to a series of retaliatory conduct, as described above, that significantly altered the terms and conditions of her employment. The nexus between Ms. Rebisz's exercise of her rights as a disabled employee and the adverse employment actions taken against her creates a legal inference of unlawful retaliation under California law. See *Jordan v. Clark*, (9th Cir.1988) 847 F.2d 1368, 1376; *Morgan v. Regents of University of California*, (2000)

88 Cal.App.4[th] 52, 69. Specifically, after Ms. Rebisz engaged in protected activity, she was abruptly terminated from her long term employment.

## FMLA/CFRA Retaliation

The California Family Rights Act provides that "[i]t shall be an unlawful employment practice for an employer...to refuse to grant a request by any employee with more than 12 months of service with the employer, and who has at least 1250 hours of service with the employer during the previous 12 month period, to take... medical leave." Cal Gov. Code 12945.2(a).

The CFRA and the federal Family Medical Leave Act (FMLA) explicitly provide eligible employees the right to take medically necessary leave with a provision of medical benefits while on such leave and a guarantee of employment to the same or comparable position upon the expiration of the leave. Cal Gov Code 12945.2(a), 2 CCR 7297.2, 7297.5. Here, Ms. Rebisz was terminated from her employment with CAS after 4 years while on FMLA/CFRA leave, in retaliation for taking leave and exercising other rights as a disabled employee. Even though CAS had previously approved Ms. Rebisz's leave until September 26, 2013, it terminated her prior to that date.

An employee may establish a *prima facie* case of retaliation under the FMLA/CFRA by showing: (1) that she exercised a protected FMLA/CFRA right; (2) that the employer's actions caused an adverse effect on the employee; and (3) that there is a causal connection between the employee' protected activity and the employer's adverse action. *Hodgens v. General Dynamics Corp.* (1st Cir. 1998) 144 F3d 151, 161. CAS's conduct toward Ms. Rebisz satisfies the three elements of the *prima facie* case for FMLA and CFRA retaliation.

## FMLA/CFRA Interference

CAS's termination of Ms. Rebisz violated the federal Family Medical Leave Act (FMLA) and the California Family Rights Act (CFRA). FMLA and CFRA provide job-protected family medical leave for qualifying employees by making it unlawful for an employer "to interfere with, restrain, or deny the exercise of ... any right" under the FMLA. 29 USC § 2615(a)(1); 29 CFR § 825.220(a)(1).

"Interference" by an employer with FMLA rights includes terminating an employee taking FMLA leave. 29 CFR § 825.220(b). The Ninth Circuit treats claims alleging the employer took adverse employment action (e.g., demotion or discharge) against an employee for taking FMLA leave as "interference" claims under 29 USC § 2615(a)(1). *Bachelder v. America West Airlines, Inc.* (9th Cir. 2001) 259 F3d 1112, 1124. Here, all the requirements are met for Ms. Rebisz to be eligible to take FMLA and CFRA **leave.**

For an interference claim, an employee must prove: (1) entitlement to the FMLA/CFRA right claimed; and (2) the employer's interference with or denial of that right. *See e.g. Diaz v. Fort Wayne Foundry Corp.* (7th Cir. 1997) 131 F3d 711, 713. The employer's subjective intent is irrelevant in interference claims. The rationale is that FMLA rights (e.g., a 12–week leave or reinstatement) are "substantive floors" for employer conduct, establishing employee "entitlements." The employee need only show the employer denied or interfered with such an entitlement. *Diaz v. Fort Wayne Foundry Corp.*, supra, 131 F3d at 712–713; see *Xin Liu v.*

*Amway Corp.* (9th Cir. 2003) 347 F3d 1125, 1135. Interference claims do not depend on proving discrimination. The issue is not that the employer treated one employee worse than another but that every employee has substantive rights under the FMLA that the employer must respect. (Nor may an employer defend a claim on the ground it treats all employees equally poorly, without discriminating.) *Hodgens v. General Dynamics Corp.* (1st Cir. 1998) 144 F.3d 151, 159.

The standards for an interference claim under the FMLA are identical to those of a CFRA claim and do not involve a burden shifting analysis: "An interference claim under the FMLA (and thus the CFRA) does not involve the burden-shifting analysis articulated by the United State Supreme Court in *McDonnell Douglas*. . . . 'there is no room for a *McDonnell Douglas* type of pretext analysis when evaluating an 'interference' claim under this statute.' A violation of the FMLA 'simply requires that the employer deny the employee's entitlement to FMLA leave.'" *Faust v. California Portland Cement Co.* (2007) 150 Cal. App. 4th 864, 879. (internal citations omitted). Here, CAS interfered with Ms. Rebisz's FMLA/CFRA rights because it terminated her employment before she could fully exercise her rights to FMLA/CFRA leave. It terminated her before her approved leave of absence had expired. CAS is liable for FMLA/CFRA interference based on CAS's termination of Ms. Rebisz, preventing her from fully taking CFRA/FMLA leave.

## Wrongful Termination in Violation of Public Policy

CAS's termination of Ms. Rebisz constitutes Wrongful Termination in Violation of Public Policy. All of the elements of the *Tameny* claim are met in Ms. Rebisz's case: (1) An employer-employee relationship existed between Ms. Rebisz and CAS; (2) Adverse employment action was taken against Ms. Rebisz by her termination; (3) The adverse employment action was a violation of public policy; (4) The adverse employment action was a legal cause of Ms. Rebisz's damages; and (5) Ms. Rebisz suffered damages. CAS's actions are in violation of the California Constitution, as well as FEHA, and therefore violate the public policy of the state of California.

## Settlement

Ms. Rebisz has consulted with our firm and we are prepared to file a lawsuit with cases of action for: (1) Disability Discrimination in violation of FEHA, Title VII and the ADA; (2) Failure to Accommodate; (3) Failure to Engage in the Interactive Process; (4) Retaliation; (5) CFRA/FMLA Retaliation; (5) CFRA/FMLA Interference; (6) Wrongful Termination in Violation of Public Policy; (7) Failure to Properly Supervise and Train; and (8) Unpaid Overtime; (9) Unfair Business Practice in violation of Business & Professions Code §17200. Ms. Rebisz will seek punitive damages, as well as all related attorneys' fees and costs.

It is my opinion that a California jury could award Ms. Rebisz in excess of **$500,000**. If Ms. Rebisz is forced to litigate this matter, not only can Ms. Rebisz recover her attorneys' fees and **costs**, penalties and interest, but CAS will have to pay for all of its own attorneys' fees and costs. **You** should also be aware that one-way attorneys' fees statutes apply in Ms. Rebisz's favor (i.e. an award of attorneys' fees for only the prevailing employee, not the prevailing employer).

We hope to resolve Ms. Rebisz's claims in an informal manner, without the need for **formal** litigation. Ms. Rebisz has authorized me to make an offer to resolve this matter in its

entirety for **$250,000** and a mutual release of claims, including a Civil Code §1542 waiver and confidential provision.  This offer shall remain available until **April 28, 2014 at 5:00 p.m.**  If this offer is not accepted by that time, it shall be deemed rejected and withdrawn and our client will thereafter file suit to recover all sums to which she is entitled including all reasonable attorneys' fees and litigation costs.  Please let me know your response as soon as possible, but no later than 5:00 p.m. on April 28, 2014 at 5:00 p.m.

If you chose not to make the payment requested herein, you must provide us with the documents requested below or we may add causes of action to any lawsuit filed under the applicable Labor Code sections for your failure to provide this documentation.

## Request for Documents

Pursuant to Labor Code sections 226, 432 and 1198.5, we hereby request copies of all Ms. Rebisz's employment and personnel records, including all wage statements, time records, policies regarding anti-discrimination and anti-retaliation, disability leave policies, and employee handbooks for the duration of her employment.

Specifically, Labor Code §226(b) states that every employer shall, upon request by a former employee, provide such an employee with a written, itemized statement showing, *inter alia*, all gross wages earned, total hours worked by the employee, and the net wages earned.

Furthermore, Labor Code §432 states that "if an employee or applicant signs any instrument relating to the obtaining or holding of employment, she shall be given a copy of the instrument upon request."  As such, please send us copies of all employment-related documents signed by Ms. Rebisz during her employment.

Finally, Labor Code §1198.5 entitles Ms. Rebisz to all personnel records that you maintained, including those relating to her performance or to any grievance concerning him.  Under the same Labor Code section, you are obligated to provide the contents of these personnel records to her attorneys upon request.

**Therefore,** if you chose not to agree to make payment to Ms. Rebisz, please provide us with the personnel file for Ms. Rebisz, her payroll history, including paystubs and copies of all documents she signed regarding her employment with CAS and all other documents requested no later than April 28, 2014 at 5 pm.

Thank you for your attention to this matter.

Very truly yours,

Cary Kletter