HANSON BRIDGETT LLP
RAYMOND F. LYNCH, SBN 119065
rlynch@hansonbridgett.com
GILBERT J. TSAI, SBN 247305
gtsai@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:    (415) 777-3200
Facsimile:    (415) 541-9366

GRIFFITH JACOBSON, LLC
JAMES E. MAHONEY (*pro hac vice*)
jem@gjlaw.com
55 West Monroe Street
Suite 3550
Chicago, IL 60603
Telephone:  (312) 236-8110
Facsimile:  (312) 236-6724

Attorneys for Defendants COVENANT
AVIATION SECURITY, LLC; COVENANT
AVIATION SECURITY CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAYLIN PARKER-REBISZ,<br><br>        Plaintiff,<br><br>    v.<br><br>COVENANT AVIATION SECURITY, LLC;<br>COVENANT AVIATION SECURITY<br>CORPORATION; and DOES 1-20,<br>inclusive,<br><br>        Defendants. | CASE NO. 3:14-cv-04106-TEH<br><br>**STIPULATION FOR DEFENDANTS'<br>FILING OF FIRST AMENDED ANSWER<br>PURSUANT TO FEDERAL RULE OF<br>CIVIL PROCEDURE 15(a)(2)**<br><br>Judge:  Hon. Thelton E. Henderson |

1    IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff FAYLIN

2  PARKER-REBISZ ("Plaintiff") and Defendants COVENANT AVIATION SECURITY, LLC;

3  COVENANT AVIATION SECURITY CORPORATION ("Defendants"), through their

4  respective counsel, that pursuant to Federal Rule of Civil Procedure 15(a)(2), Defendants

5  may file a First Amended Answer, a copy of which is attached hereto as Exhibit "A".

6    IT IS SO STIPULATED.

7

8  DATED: December 19, 2014          HANSON BRIDGETT LLP

9

10                      By:_____ /s/ Gilbert J. Tsai_____
                            RAYMOND F. LYNCH
11                          GILBERT J. TSAI
                            Attorneys for Defendants COVENANT
12                          AVIATION SECURITY, LLC; COVENANT
                            AVIATION SECURITY CORPORATION
13
    DATED: December 19, 2014          KLETTER LAW FIRM
14

15

16                      By:_____ /s/ Cary Kletter_____
                            CARY KLETTER
17                          SALLY TRUNG NGUYEN
                            Attorneys for PLAINTIFF FAYLIN PARKER-
18                          REBISZ

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR DEFENDANTS' FILING OF FIRST AMENDED ANSWER

**EXHIBIT A**

1 | HANSON BRIDGETT LLP
RAYMOND F. LYNCH, SBN 119065
2 | rlynch@hansonbridgett.com
GILBERT J. TSAI, SBN 247305
3 | gtsai@hansonbridgett.com
425 Market Street, 26th Floor
4 | San Francisco, California 94105
Telephone:    (415) 777-3200
5 | Facsimile:    (415) 541-9366

6 | GRIFFITH JACOBSON, LLC
JAMES E. MAHONEY (pro hac vice)
7 | jem@gjlaw.com
55 West Monroe Street
8 | Suite 3550
Chicago, IL 60603
9 | Telephone:  (312) 236-8110
Facsimile:  (312) 236-6724
10
Attorneys for Defendants COVENANT
11 | AVIATION SECURITY, LLC; COVENANT
AVIATION SECURITY CORPORATION
12

13 |               **UNITED STATES DISTRICT COURT**

14 |             **NORTHERN DISTRICT OF CALIFORNIA**

15

16 | FAYLIN PARKER-REBISZ,               CASE NO. 3:14-cv-04106-TEH

17 |               Plaintiff,            **DEFENDANTS COVENANT AVIATION SECURITY, LLC AND COVENANT AVIATION SECURITY CORPORATION'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

18 |        v.

19 | COVENANT AVIATION SECURITY, LLC;
COVENANT AVIATION SECURITY
20 | CORPORATION; and DOES 1-20,         Judge:  Hon. Thelton E. Henderson
inclusive,
21
22 |               Defendants.

23

24 |        Defendants COVENANT AVIATION SECURITY, LLC ("CAS LLC") and

25 | COVENANT AVIATION SECURITY CORPORATION ("CAS Corp.") (collectively,

26 | "Defendants"), by their attorneys Hanson Bridgett LLP, hereby submit this First Amended

27 | Answer to Plaintiff FAYLIN PARKER-REBISZ's ("Plaintiff") Complaint ("Complaint"), and

28 | state as follows:

10758404.1

1

## I.  **INTRODUCTION**

2      1.  Answering Defendants admit that Plaintiff has brought this action against it in

3  connection with claims allegedly arising out of her employment with CAS LLC.

4  Answering Defendants deny all allegations of paragraph 1 not specifically admitted.

5      2.  Answering Defendants admit this is an action for alleged damages under the

6  laws and legal theories stated in paragraph 2.  Answering Defendants deny that Plaintiff

7  is entitled to any damages, and they  deny all allegations of paragraph 2 not specifically

8  admitted.

9

## **PARTIES**

10      3.  Admitted.

11      4.  Answering Defendants admit that CAS LLC is a limited liability company  doing

12  business in San Mateo County.  Answering Defendants deny that CAS LLC is a

13  corporation, and they deny all allegations of paragraph 4 not specifically admitted.

14      5.  Answering Defendants admit that CAS Corp. is a corporation.  They deny that

15  CAS Corp. is doing business in San Mateo County, and they deny all allegations of

16  paragraph 5 not specifically admitted.

17      6.  Answering Defendants lack knowledge or information sufficient to form a belief

18  of the truth of the allegations of paragraph 6.

19      7.  Denied.

20

## **JURISDICTION AND VENUE**

21      8.  Admitted.

22      9.  Answering Defendants admit that Plaintiff filed a Complaint with the California

23  Department of Fair Employment and Housing.  Answering Defendants deny all

24  allegations of paragraph 9 not specifically admitted.

25      10.  Admitted.

26      11.  Answering Defendants lack knowledge or information sufficient to form a

27  belief as to the truth of the allegations of paragraph 11.

28  ///

DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

1

## **FACTUAL ALLEGATIONS**

2      12.  Answering Defendants admit that Plaintiff was hired by CAS LLC as an Airport

3  Security Officer.  Answering Defendants deny all allegations of paragraph 12 not

4  specifically admitted.

5      13.  Answering Defendants admit that Plaintiff worked for CAS LLC for

6  approximately four years.  Answering Defendants deny all allegations of paragraph 13

7  not specifically admitted.

8      14.  Denied.

9      15.  Denied.

10      16.  Answering Defendants admit that Plaintiff regularly worked a ten-hour/four-

11  day schedule as provided in the applicable collective bargaining agreement and as

12  authorized by law.  Answering Defendants deny that any statutory overtime was due, and

13  they deny all allegations of paragraph 16 not specifically admitted.

14      17.  Denied.

15      18.  Denied.

16      19.  Denied.

17      20.  Denied.

18      21.  Denied.

19      22.  Denied.

20      23.  Answering Defendants admit that Plaintiff commenced intermittent leave in

21  2012. Answering Defendants deny all allegations of paragraph 23 not specifically

22  admitted.

23      24.  Admitted.

24      25.  Answering Defendants admit that in March 2013 Plaintiff requested to

25  increase the frequency and modify other terms of her leave and that they requested

26  additional information to support the request.  Answering Defendants deny all allegations

27  of paragraph 25 not specifically admitted.

28      26.  Answering Defendants admit that Plaintiff submitted additional information

1  completed by her treating doctor on or about May 6, 2013.  They deny that Plaintiff

2  provided the information that had been requested, and they deny all allegations of

3  paragraph 26 not specifically admitted.

4       27.  Admitted.

5       28.  Answering Defendants admit that Plaintiff's doctor submitted additional

6  information.  They deny that the doctor submitted the information that had been

7  requested, and they deny all allegations of paragraph 26 not specifically admitted.

8       29.  Answering Defendants admit that CAS LLC requested additional information

9  because neither Plaintiff nor her doctor had submitted the information previously

10 requested.  Answering Defendants deny all allegations of paragraph 29 not specifically

11 admitted.

12      30.  Denied.

13      31.  Answering Defendants lack knowledge or information sufficient to form a

14 belief as to the truth of the allegations of paragraph 31.

15      32.  Denied.

16      33.  Answering Defendants admit that on and after August 6, 2013 CAS LLC made

17 repeated efforts to contact Plaintiff via mail, fax, phone, and email regarding the need to

18 provide information to request for full time disability leave.  Answering Defendants deny

19 all allegations of paragraph 33 not specifically admitted.

20      34.  Answering Defendants admit that Plaintiff requested forms and that CAS LLC

21 sent them.  Answering Defendants deny all allegations of paragraph 34 not specifically

22 admitted.

23      35.  Denied.

24      36.  Answering Defendants lack knowledge or information sufficient to form a

25 belief as to the truth of the allegations of paragraph 36.

26      37.  Answering Defendants admit that on September 12, 2013, CAS LLC sent a

27 letter informing Plaintiff that her employment would be terminated if she did not comply

28 with the multiple previous requests for information.   Answering Defendants deny all

1  allegations of paragraph 37 not specifically admitted.

2      38.  Answering Defendants lack knowledge or information sufficient to form a

3  belief as to the truth of the allegations of paragraph 38.

4      39.  Answering Defendants knowledge or information sufficient to form a belief as

5  to the truth of the allegations of paragraph 39.

6      40.  Answering Defendants lack knowledge or information sufficient to form a

7  belief as to the truth of the allegations of paragraph 40.

8      41.  Answering Defendants admit that Plaintiff submitted a state of Wyoming ADA

9  intake from which was not the proper form and did not contain the information necessary

10  to support Plaintiff's request.  Answering Defendants deny all allegations of paragraph 41

11  not specifically admitted.

12      42.  Answering Defendants admit that CAS LLC informed Plaintiff that she had

13  submitted an improper form that did not contain the required information.   Answering

14  Defendants deny all allegations of paragraph 42 not specifically admitted.

15      43.  Answering Defendants admit that CAS LLC terminated Plaintiff's employment

16  on or about September 18, 2013 due to her repeated failure to supply information needed

17  to support her requested leave.  Answering Defendants deny all allegations of paragraph

18  43 not specifically admitted.

19      44.  Answering Defendants admit that CASS, LLC did not receive the information it

20  had requested.  Answering Defendants deny all allegations of paragraph 44 not

21  specifically admitted.

22      45.  Denied.

23      46.  Denied.

24      47.  Denied.

25                    **FIRST CAUSE OF ACTION**
                      Alleged Disability Discrimination
26                    Cal. Gov. Code § 12940 *et seq.*

27      48.  Answering Defendants incorporate by reference their responses to all

28  previous allegations.

49.  Denied.

50.  Denied.

51.  Denied.

52.  Denied.

53.  Denied.

54.  Denied.

55.  Denied.

**SECOND CAUSE OF ACTION**
Alleged Failure to Accommodate – FEHA
Cal. Gov. Code § 12940 *et seq.*
(Against All Defendants)

56.  Answering Defendants incorporate by reference their responses to all previous allegations.

57.  Denied.

58.  Denied.

59.  Denied.

60.  Denied.

61.  Denied.

62.  Denied.

63.  Denied.

64.  Denied.

**THIRD CAUSE OF ACTION**
Alleged Failure to Engage in Interactive Process – FEHA
Cal. Gov. Code § 12940 *et seq.*
(Against All Defendants)

65. Answering Defendants incorporate by reference their responses to all previous allegations.

66.  Denied.

67.  Denied.

68.  Denied.

69.  Denied.

70.  Denied.

71.  Denied.

72.  Denied.

73.  Denied.

## FOURTH CAUSE OF ACTION
Alleged Violation of California Family Rights Act ("CFRA") – Interference
(Against All Defendants)

74.  Answering Defendants incorporate by reference their responses to all previous allegations.

75.  Admitted.

76.  Admitted with respect to CAS LLC.  Denied with respect to CAS Corp.

77.  Answering Defendants neither admit not deny the allegations of paragraph 77 for the reason that such allegations are legal conclusions to which no answer is required. To the extent an answer is required, answering Defendants deny the allegations of paragraph 77.

78.  Answering Defendants neither admit not deny the allegations of paragraph 78 for the reason that such allegations are legal conclusions to which no answer is required. To the extent an answer is required, answering Defendants deny the allegations of paragraph 78.

79.  Answering Defendants neither admit not deny the allegations of paragraph 79 for the reason that such allegations are legal conclusions to which no answer is required. To the extent an answer is required, answering Defendants deny the allegations of paragraph 79.

80.  Answering Defendants neither admit not deny the allegations of paragraph 80 for the reason that such allegations are legal conclusions to which no answer is required. To the extent an answer is required, answering Defendants deny the allegations of paragraph 80.

1    81.  Answering Defendants neither admit not deny the allegations of paragraph 81

2  for the reason that such allegations are legal conclusions to which no answer is required.

3  To the extent an answer is required, answering Defendants deny the allegations of

4  paragraph 81.

5    82.  Denied.

6    83.  Denied.

7    84.  Denied.

8    85.  Denied.

9    86.  Denied.

10                    **FIFTH CAUSE OF ACTION**
                    Alleged Violation of CFRA – Retaliation
11                      (Against All Defendants)

12    87.  Answering Defendants incorporate by reference their responses to previous

13  allegations.

14    88.   Answering Defendants neither admit not deny the allegations of paragraph 88

15  for the reason that such allegations are legal conclusions to which no answer is required.

16  To the extent an answer is required, answering Defendants deny the allegations of

17  paragraph 88.

18    89.  Answering Defendants neither admit not deny the allegations of paragraph 89

19  for the reason that such allegations are legal conclusions to which no answer is required.

20  To the extent an answer is required, answering Defendants deny the allegations of

21  paragraph 89.

22    90.  Answering Defendants neither admit not deny the allegations of paragraph 90

23  for the reason that such allegations are legal conclusions to which no answer is required.

24  To the extent an answer is required, answering Defendants deny the allegations of

25  paragraph 90.

26    91.  Answering Defendants neither admit not deny the allegations of paragraph 91

27  for the reason that such allegations are legal conclusions to which no answer is required.

28  To the extent an answer is required, answering Defendants deny the allegations of

1   paragraph 91.

2       92.   Answering Defendants neither admit not deny the allegations of paragraph 92

3   for the reason that such allegations are legal conclusions to which no answer is required.

4   To the extent an answer is required, answering Defendants deny the allegations of

5   paragraph 92 .

6       93.   Denied.

7       94.   Denied.

8       95.   Denied.

9       96.   Denied.

10                      **SIXTH CAUSE OF ACTION**
                Alleged FEHA Retaliation – Cal. Gov. Code § 12945.1 *et seq.*
11

12      97.   Answering Defendants incorporate by reference their responses to all

13  previous allegations.

14      98.   Admitted.

15      99.   Denied.

16      100.  Denied.

17      101.  Denied.

18      102.  Denied.

19                      **SEVENTH CAUSE OF ACTION**
                Alleged Wrongful Termination in Violation of Public Policy
20                          (Against All Defendants)

21      103.  Answering Defendants incorporate by reference their responses to all

22  previous allegations.

23      104.  Denied.

24      105.  Denied.

25      106.  Denied.

26      107.  Denied.

27  ///

28  ///

DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

**EIGHTH CAUSE OF ACTION**
Alleged Failure to Pay Overtime Earned for Hours Worked In
Alleged Violation of Labor Code §§ 510 and 1194, IWC Wage Orders and FLSA
(Against All Defendants)

108. Answering Defendants incorporate by reference their responses to all previous allegations.

109. Answering Defendants neither admit not deny the allegations of paragraph 77 for the reason that such allegations are legal conclusions to which no answer is required. To the extent an answer is required, answering Defendants deny the allegations of paragraph 77.

110. Answering Defendants neither admit not deny the allegations of paragraph 110 for the reason that such allegations are legal conclusions to which no answer is required. To the extent an answer is required, answering Defendants deny the allegations of paragraph 110.

111. Answering Defendants neither admit not deny the allegations of paragraph 111 for the reason that such allegations are legal conclusions to which no answer is required. To the extent an answer is required, answering Defendants deny the allegations of paragraph 111.

112. Answering Defendants admit that Plaintiff regularly worked a ten-hour/four-day schedule as provided in the applicable collective bargaining agreement and as authorized by law. Answering Defendants deny that any statutory overtime was due, and they deny all allegations of paragraph 112 not specifically admitted.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

**NINTH CAUSE OF ACTION**
Allegedly Unpaid "Straight" Wages
(Against All Defendants)

117. Answering Defendants incorporate by reference their responses to all

1  previous allegations.

2       118.  Answering Defendants neither admit not deny the allegations of paragraph

3  118 for the reason that such allegations are legal conclusions to which no answer is

4  required.   To the extent an answer is required, answering Defendants deny the

5  allegations of paragraph 118.

6       119.  Answering Defendants neither admit not deny the allegations of paragraph

7  119 for the reason that such allegations are legal conclusions to which no answer is

8  required.   To the extent an answer is required, answering Defendants deny the

9  allegations of paragraph 119.

10      120.  Denied.

11      121.  Denied.

12      122.  Denied.

13      123.  Denied.

14                  **TENTH CAUSE OF ACTION**
                  Alleged Liquidated Damages – Labor Code § 1194.2 and FLSA
15                              (Against All Defendants)

16      124.  Answering Defendants incorporate by reference their responses to all

17  previous allegations.

18      125.  Denied.

19      126.  Denied.

20                  **ELEVENTH CAUSE OF ACTION**
                  Alleged Failure to Provide Meal and Rest Breaks in Violation of Code
21                              (Against All Defendants)

22      127. Answering Defendants incorporate by reference their responses to all

23  previous allegations.

24      128.  Answering Defendants neither admit not deny the allegations of paragraph

25  128 for the reason that such allegations are legal conclusions to which no answer is

26  required.   To the extent an answer is required, answering Defendants deny the

27  allegations of paragraph 128.

28      129.  Answering Defendants neither admit not deny the allegations of paragraph

1  129 for the reason that such allegations are legal conclusions to which no answer is

2  required.   To the extent an answer is required, answering Defendants deny the

3  allegations of paragraph 129.

4  130.  Answering Defendants neither admit not deny the allegations of paragraph

5  130 for the reason that such allegations are legal conclusions to which no answer is

6  required.   To the extent an answer is required, answering Defendants deny the

7  allegations of paragraph 130.

8  131.  Answering Defendants neither admit not deny the allegations of paragraph

9  131 for the reason that such allegations are legal conclusions to which no answer is

10  required.   To the extent an answer is required, answering Defendants deny the

11  allegations of paragraph 131.

12  132.  Denied.

13  133.  Denied.

14  134.  Denied.

15  135.  Denied.

16  136.  Denied.

17  **TWELFTH CAUSE OF ACTION**
Alleged Waiting Time Penalties – Labor Code § 203

18  (Against All Defendants)

19  137.  Answering Defendants incorporate by reference their responses to all

20  previous allegations.

21  138.  Answering Defendants neither admit not deny the allegations of paragraph

22  138 for the reason that such allegations are legal conclusions to which no answer is

23  required.   To the extent an answer is required, answering Defendants deny the

24  allegations of paragraph 139.

25  139.  Denied.

26  140.  Denied.

27  141.  Denied.

28  142.  Denied.

1
2

## THIRTEENTH CAUSE OF ACTION
Alleged Violation of Labor Code §§ 204 and 210
(Against All Defendants)

3    143.  Answering Defendants incorporate by reference their responses to all

4    previous allegations.

5    144.  Answering Defendants neither admit not deny the allegations of paragraph

6    144 for the reason that such allegations are legal conclusions to which no answer is

7    required.   To the extent an answer is required, answering Defendants deny the

8    allegations of paragraph 144.

9    145.  Denied.

10    146.  Answering Defendants neither admit not deny the allegations of paragraph

11    146 for the reason that such allegations are legal conclusions to which no answer is

12    required.   To the extent an answer is required, answering Defendants deny the

13    allegations of paragraph 146.

14    147.  Denied.

15
16

## FOURTEENTH CAUSE OF ACTION
Alleged Failure to Provide Accurate Wage Statement – CA Labor Code § 226(e)
(Against All Defendants)

17    148.  Answering Defendants incorporate by reference their responses to all

18    previous allegations.

19    149.  Answering Defendants neither admit not deny the allegations of paragraph

20    149 for the reason that such allegations are legal conclusions to which no answer is

21    required.   To the extent an answer is required, answering Defendants deny the

22    allegations of paragraph 149.

23    150.  Answering Defendants neither admit not deny the allegations of paragraph

24    150 for the reason that such allegations are legal conclusions to which no answer is

25    required.  To the extent an answer is required, answering Defendants deny the

26    allegations of paragraph 150.

27    151.  Answering Defendants neither admit not deny the allegations of paragraph

28    151 for the reason that such allegations are legal conclusions to which no answer is

1  required.  To the extent an answer is required, answering Defendants deny the

2  allegations of paragraph 151.

3      152.  Denied.

4      153.  Denied.

5      154.  Denied.

6                    **FIFTEENTH CAUSE OF ACTION**
                Alleged Civil Penalties Under Labor Code § 558

7

8      155.  Answering Defendants incorporate by reference their responses to all

9  previous allegations.

10     156.  Answering Defendants neither admit not deny the allegations of paragraph

11 156 for the reason that such allegations are legal conclusions to which no answer is

12 required.   To the extent an answer is required, answering Defendants deny the

13 allegations of paragraph 156.

14     157.  Answering Defendants neither admit not deny the allegations of paragraph

15 157 for the reason that such allegations are legal conclusions to which no answer is

16 required.   To the extent an answer is required, answering Defendants deny the

17 allegations of paragraph 157.

18     158.  Denied.

19     159.  Denied.

20                    **SIXTEENTH CAUSE OF ACTION**
                    Allegedly Negligent Training
21                    (Against All Defendants)

22     160.  Answering Defendants incorporate by reference their responses to all

23 previous allegations.

24     161.  Denied.

25     162.  Denied.

26     163.  Denied.

27 ///

28 ///

**SEVENTEENTH CAUSE OF ACTION**
Allegedly Unfair Business Practices – B&P Code §§ 17200 and 17203, *et seq.*
(Against All Defendants

164.  Answering Defendants incorporate their responses to all previous allegations.

165.  Answering Defendants neither admit not deny the allegations of paragraph 16 for the reason that such allegations are legal conclusions to which no answer is required.   To the extent an answer is required, answering Defendants deny the allegations of paragraph 77.

171.  Denied.

172.  Denied.

173.  Denied.

174.  Denied.

175.  Denied.

176.  Denied.

177.  Denied.

178.  Denied.

179.  Denied.

180.  Denied.

**EIGHTEENTH CAUSE OF ACTION**
Labor Code Private Attorneys General Act ("PAGA") – Labor Code ¶ 2698, *et seq.*
(Against All Defendants)

181.  Answering Defendants incorporate by reference their responses to all previous allegations.

182.  Denied.

183.  Denied.

184.  Denied.

185.  Denied.

186.  Denied.

187.  Denied.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following separate affirmative defenses to Plaintiff's Complaint:

## FIRST AFFIRMATIVE DEFENSE

Neither Plaintiff's Complaint nor any purported cause of action alleged therein states facts sufficient to constitute a cause of action against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, to the extent she alleges actions barred by the applicable statutes of limitation, including without limitation California Government Code Sections 12960 and 12965(b); California Code of Civil Procedure Sections 335, 337, 338, 339, 340, 340.5, 343, and 474; and California Business and Professions Code Section 17208.

## THIRD AFFIRMATIVE DEFENSE

To the extent that any of Plaintiff's Causes of Action state a claim under the California Fair Employment and Housing Act, California Government Code section 12940 *et seq.* ("FEHA"), those causes of action cannot be maintained to the extent that Plaintiff has failed to fulfill the statutory prerequisites to suit, including properly and timely exhausting her administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that any of Plaintiff's Causes of Action state a claim under the FEHA that exceed the scope of her administrative charge filed with the Department of Fair Employment and Housing, if any, such cause or causes of action are barred by Plaintiff's failure to exhaust her administrative remedies.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, to the extent Plaintiff was not a qualified individual with a disability.

///

1    **FIFTH AFFIRMATIVE DEFENSE**

2        Plaintiff's causes of action are barred, in whole or in part, to the extent that

3    accommodations required or requested by Plaintiff, if any, were unreasonable and would

4    have imposed an undue hardship on the operation of Defendants' business.

5    **SIXTH AFFIRMATIVE DEFENSE**

6        Plaintiff's causes of action are barred, in whole or in part, to the extent that Plaintiff

7    was unable, even with reasonable accommodation, to perform the essential functions of

8    the position she held in a manner that would not endanger her health or safety, or the

9    health or safety of others.

10    **SEVENTH AFFIRMATIVE DEFENSE**

11        Plaintiff's causes of action are barred, in whole or in part, under the avoidable

12    consequences doctrine to the extent that Plaintiff unreasonably failed to use the

13    complaint procedure or any other preventative and corrective measures that Defendants

14    provided its employees to prevent and correct workplace discrimination and/or retaliation,

15    which would have prevented any alleged harm.

16    **EIGHTH AFFIRMATIVE DEFENSE**

17        Plaintiff's causes of action are barred, in whole or in part, to the extent that Plaintiff

18    unreasonably failed to exhaust Defendants' internal remedies with respect to complaints,

19    if any, Plaintiff had regarding practices of Defendants.

20    **NINTH AFFIRMATIVE DEFENSE**

21        Plaintiff's causes of action are barred, in whole or in part, because Defendants'

22    actions were justified by legitimate business reasons, and Defendants would have made

23    the same employment decisions concerning Plaintiff absent any discriminatory or

24    retaliatory motive.

25    **TENTH AFFIRMATIVE DEFENSE**

26        Plaintiff's causes of action are barred, in whole or in part, because Defendants

27    took the complained-of employment actions for legitimate, non-discriminatory and/or non-

28    retaliatory, business reasons.

1

### ELEVENTH AFFIRMATIVE DEFENSE

2      Plaintiff's causes of action are barred, in whole or in part, because Defendant

3   provided and Plaintiff received all rights to which she was entitled under the California

4   Family Rights Act.

5

### TWELFTH AFFIRMATIVE DEFENSE

6      Plaintiff's causes of action are barred, in whole or in part, to the extent she

7   consented and/or acquiesced to or approved of the alleged conduct, if any.

8

### THIRTEENTH AFFIRMATIVE DEFENSE

9      Plaintiff's causes of action are barred, in whole or in part, because if Plaintiff

10  suffered any damages at all, no alleged act or omission by Defendants were the actual or

11  proximate cause of said damages to Plaintiff.

12

### FOURTEENTH AFFIRMATIVE DEFENSE

13     Plaintiff's causes of action are barred, in whole or in part, because Defendants

14  cannot be held liable for the conduct of any employee that falls outside the course and

15  scope of that employee's employment.

16

### FIFTEENTH AFFIRMATIVE DEFENSE

17     Any emotional distress allegedly suffered by Plaintiff is not attributable to

18  Defendants or any conduct for which Defendants would be liable.

19

### SIXTEENTH AFFIRMATIVE DEFENSE

20     Plaintiff's causes of action are barred, in whole or in part, by the equitable doctrine

21  of laches.

22

### SEVENTEENTH AFFIRMATIVE DEFENSE

23     Plaintiff's causes of action are barred, in whole or in part, by the equitable

24  doctrines of waiver and/or estoppel.

25

### EIGHTEENTH AFFIRMATIVE DEFENSE

26     Plaintiff's causes of action are barred, in whole or in part, by the doctrine of after-

27  acquired evidence.

28  ///

1

## NINETEENTH AFFIRMATIVE DEFENSE

2    Plaintiff's causes of action are barred, in whole or in part, by the doctrine of

3 unclean hands.

4

## TWENTIETH AFFIRMATIVE DEFENSE

5    Plaintiff's causes of action are barred, in whole or in part, to the extent that Plaintiff

6 has failed to make reasonable efforts to mitigate her damages, if any.

7

## TWENTY-FIRST AFFIRMATIVE DEFENSE

8    Plaintiff's causes of action are barred, in whole or in part, to the extent that

9 Plaintiff's Complaint alleges injuries subject to recovery under California Labor Code

10 Section 3706, because Defendants have satisfied the conditions of that section, and the

11 causes of action are therefore barred by the exclusive remedial provisions of California

12 Labor Code Section 3600.

13

## TWENTY-SECOND AFFIRMATIVE DEFENSE

14    To the extent Plaintiff seeks to recover waiting time and/or other statutory

15 penalties, Plaintiff's causes of actions are barred, in whole or in part, because even

16 assuming *arguendo* that Plaintiff is entitled to additional compensation, Defendants did

17 not "willfully" or "intentionally" fail to pay any such additional compensation to Plaintiff.

18

## TWENTY-THIRD AFFIRMATIVE DEFENSE

19    To the extent Plaintiff seeks to recover waiting time and/or other statutory

20 penalties, Defendants allege that the Complaint fails to state a claim for penalties under

21 California Labor Code Section 203 in that there is a good faith dispute as to Defendants'

22 obligation to pay wages as alleged in the Complaint.

23

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24    Plaintiff's causes of action are barred and/or offset, in whole or in part, to the to the

25 extent that Plaintiff has received premium pay for any on-duty meal periods or any

26 payments under Labor Code § 226.7.

27

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

28    Plaintiff's causes of action are barred, in whole or in part, because to the extent

1    Plaintiff did not take a meal period during her employment on a day on which she was

2    entitled to a thirty-minute duty-free meal period, it was due to her voluntary choice, and

3    not to any policy or practice by Defendants that prohibited or restricted her ability to take

4    meal periods.  *Brinker Restaurant Corp. v. Superior Court (Hohnbaum),* 53 Cal.4th 1004

5    (2012).

6                    ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

7           Plaintiff's causes of action are barred, in whole or in part, to the extent that the

8    nature of the work prevented Plaintiff from taking any off-duty meal periods during the

9    relevant time periods.  8 Cal. Code Regs. 11150(11)(A).

10                   ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

11          Plaintiff's causes of action are barred, in whole or in part, to the extent that Plaintiff

12   voluntarily waived her periods, including for workdays in which she worked six hours or

13   less.

14                   ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

15          Plaintiff's causes of action are barred, in whole or in part, because Plaintiff was

16   authorized and permitted to take ten minute paid, uninterrupted rest periods for every four

17   hours of work, and to the extent Plaintiff did not take a ten minute paid, uninterrupted rest

18   period for any four hour period that she worked for Defendants, it was due to her

19   voluntary choice, and not to any policy or practice by Defendants that prohibited or

20   restricted the ability of their employees to take rest periods.  *Brinker Restaurant Corp. v.*

21   *Superior Court (Hohnbaum),* 53 Cal.4th 1004 (2012).

22                   ### TWENTY-NINTH AFFIRMATIVE DEFENSE

23          Plaintiff's causes of action are barred, in whole or in part, because Defendants

24   have at all times acted reasonably and in good faith with respect to its obligations under

25   Labor Code § 226 to make, keep, and preserve adequate and accurate records of

26   covered employees and the wages, hours, and other conditions and practices of

27   employment, and Defendants' alleged bad acts or omissions, if any, were not knowing

28   and not intentional.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, because of Plaintiff's own negligence and/or acts or omissions in connection with the matters alleged.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, because of the negligence and/or acts or omissions of parties other than the Defendants in connection with the matters alleged.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, because Plaintiff's damages, if any, were proximately caused by and/or were contributed to by Plaintiff's own acts or failures to act and that Plaintiff's recovery, if any, should be reduced by an amount proportionate to the amount by which said acts caused or contributed to said alleged injury or damages.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, because Plaintiff's damages, if any, were proximately caused by and/or were contributed to by acts or failures to act of persons other than Defendants, which acts or failures to act constitute an intervening and superseding cause of the damages alleged in the Complaint.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, because the actions taken by Defendants were the exercise of reasonable business judgment.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are preempted by Section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. section 185(a), to the extent Plaintiff's claims require interpretation of the collective bargaining agreement between Plaintiff's union and her employer.

///

///

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, because the sole and exclusive remedy for the allegations therein are the grievance and arbitration procedures set forth in the collective bargaining agreement between Plaintiff's union and her employer.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action under the Labor Code Private Attorneys General Act is barred because Plaintiff has failed to give timely and sufficient notice of the alleged statutory violations to the California Labor and Workforce Development Agency and to Defendants, as required by California Labor Code § 2699.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action under the Labor Code Private Attorneys General Act, Cal. Labor Code §§ 2698, *et seq.*, is barred because Plaintiff has failed to identify any other allegedly "aggrieved employees," as required by that statute.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against Defendants for punitive and/or exemplary damages.  *See* Cal. Civ. Code § 3294.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive and/or exemplary damages violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, as well as the California Constitution and related California statutory and common law, to the extent that the amount of such damages is disproportional to the actual damages sought, and to the extent that neither statutory law, common law, nor the California Code of Civil Procedure afford Defendants adequate procedural safeguards in light of the potential punishment at stake.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, because the employment actions about which Plaintiff complains, if any, were based on good, sufficient, and legal

1    cause, upon reasonable grounds for belief in their truth or justification, and were taken in

2    good faith and without malice.

3                    **FORTY-SECOND AFFIRMATIVE DEFENSE**

4           Plaintiff's causes of action are barred, in whole or in part, because she is not an

5    eligible employee for purposes of the California Family Rights Act.  See  2 Cal.C.Regs. §

6    11087(e).

7                    **FORTY-THIRD AFFIRMATIVE DEFENSE**

8           Plaintiff's causes of action are barred, in whole or in part, in that Section 510, 511,

9    and 514 of the California Labor Code renders inapplicable the Labor Code sections upon

10   which Plaintiff bases her overtime-related claims, to the extent that Plaintiff and similarly

11   situated employees worked on an alternative workweek schedule adopted pursuant to a

12   valid collective bargaining agreements that expressly provided for wages, hours of work,

13   and working conditions of the employees, premium wage rates for all overtime hours

14   worked, and a regular hourly rate of pay of not less than 30 percent more than the state

15   minimum wage.

16                    **RESERVATION OF RIGHT**

17          Because Plaintiff's Complaint is vague, ambiguous and written in conclusory

18   terms, Defendants cannot fully anticipate all defenses that may be applicable to this

19   action.  Accordingly, Defendants reserve the right to assert additional affirmative

20   defenses if Defendants become aware of the existence of such defenses after this

21   Answer is filed.

22          WHEREFORE, Defendants pray as follows:

23          1.    That Plaintiff takes nothing by this action;

24          2.    That judgment be entered in Defendants' favor;

25          3.    That Defendants recover their costs in this proceeding, including

26                reasonable attorneys' fees; and

27   ///

28   ///

1          4.      That the Court grant such other and further relief as it deems appropriate.

2    DATED: December 19, 2014                    HANSON BRIDGETT LLP

3

4                                          By:_____/s/ Gilbert J. Tsai_____
                                                RAYMOND F. LYNCH
5                                               GILBERT J. TSAI
                                                Attorneys for Defendants COVENANT
6                                               AVIATION SECURITY, LLC; COVENANT
                                                AVIATION SECURITY CORPORATION
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28